James Stephen YATES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-87-01238-CR.

Court of Appeals of Texas,
Dallas.

Oct. 4, 1988.

Brenda G. Christian, Karen R. Wise, Dallas, for appellant.

Before HOWELL, STEWART and
ROWE, JJ.

PER CURIAM.

James Stephen Yates was convicted in a bench trial, pursuant to his plea of nolo contendere, of the misdemeanor offense of unlawfully carrying a weapon. Punishment was assessed at thirty days' confinement probated for six months, and a $100 fine. Appellant raises one point of error, claiming that the trial court erred in denying his motion to suppress evidence obtained as a result of an illegal search. The State argues that this Court lacks jurisdiction to consider appellant's point. For the reasons stated below, we conclude that we have jurisdiction, and we overrule appellant's point. Accordingly, we affirm the judgment of the trial court.

■ At the outset, the State questions whether this Court has jurisdiction to hear the appeal. Appellant entered a plea of nolo contendere; as a result, the State argues, the notice of appeal must state either that the trial court granted permission to appeal, or must specify that the matters now raised were raised by written motion and ruled on before trial. The State argues that since the notice does not contain the required language, appellant has failed to properly perfect his appeal.

Rule 40(b)(1) of the Rules of Appellate Procedure governs the means by which an appellant must perfect a criminal appeal. In pertinent part, the rule reads as follows:

[I]f the judgment was rendered on his plea of guilty or nolo contendere *pursuant to Article 1.15, Code of Criminal Procedure,* and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

(emphasis added). Article 1.15 of the Code of Criminal Procedure specifies some of the

**950**

prerequisites for conviction in *felony* cases. Appellant was convicted of illegal possession of a firearm, a misdemeanor. Thus, the proviso of rule 40(b)(1) has no application to this case, and appellant's notice of appeal is sufficient to vest this Court with jurisdiction.

 Turning to appellant's point of error, we observe from the record that appellant entered a plea of nolo contendere after the court denied his motion to suppress. For the purpose of demonstrating harm, appellant's point of error has to contemplate that the evidence the court refused to suppress will later be used against him in determining guilt. *Cf. Mitchell v. State,* 586 S.W.2d 491, 495 (Tex.Crim.App.1979, op. on appellant's motion for reh'g) (Where none of the evidence obtained by alleged illegal search and seizure is used for conviction, no error is presented). In a misdemeanor case such as this, however, when a plea of nolo contendere is made in a bench trial, the court may assess punishment without hearing any evidence. TEX.CODE CRIM.PROC.ANN. art. 27.14(a) (Vernon Supp.1988). Because the record before us contains no evidence with respect to the adjudication of guilt, appellant has failed to demonstrate harm. Accordingly, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.