Arturo SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–979–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 25, 1989.

Gilbert A. Villarreal, Houston, for appellant.

Cathleen Herasimchuk, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and MURPHY and ROBERTSON, JJ.

### OPINION

MURPHY, Justice.

This case arises out of appellant Arturo Salazar's misdemeanor conviction for the offense of driving while intoxicated ["DWI"]. The trial court denied appellant's motion to suppress and found him guilty on his plea of nolo contendere and sentenced him to 40 days' confinement in the Harris County Jail and a $500 fine. Appellant appeals the denial of his pre-trial motion to suppress. We affirm.

■ We first address the State's contention that we lack jurisdiction. Former TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979) limited the right of the accused to appeal a plea bargained case. *E.g., Christal v. State*, 692 S.W.2d 656, 658–59 (Tex. Crim.App.1985) (opinion on State's motion for rehearing, en banc). Relying on former Article 44.02, the State argues appellant lost the right to appeal denial of his motion to suppress because "the record does not reflect that a plea bargain was made." In view of the repeal of the language of Article 44.02 on which the State relies and the court of criminal appeals' adoption of TEX. R.APP.P. 40(b)(1), we cannot agree.

In order to enable the court of criminal appeals to adopt rules governing appellate procedure, the legislature repealed Article 44.02 in its entirety pursuant to the Act effective August 26, 1985, ch. 685, § 4(b), 1985 Tex.Gen.Laws 2472, 2472–73, subject to the promulgation of such rules. *Id.* § 4(a). Pursuant to the enabling legislation and by its order adopting the Texas

Rules of Appellate Procedure, effective September 1, 1986, the court of criminal appeals limited the repealed portion of Article 44.02 to its *proviso*. With the removal of the *proviso*, Article 44.02 now reads: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

TEX.R.APP.P. 40(b)(1), which now governs perfection of appeals in criminal cases, provides in part:

> Appeal is perfected in a criminal case by giving timely notice of appeal; .... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of ,the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor, and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial* (emphasis added).

The emphasized language of the Rule, like the *proviso* of former Article 44.02 on which the State relies here, limits the right of appeal in a plea bargained case. While the limiting language is quite similar to the *proviso* of former Article 44.02, the face of Rule 40(b)(1) shows that it applies only to pleas of guilty or nolo contendere "pursuant to Article 1.15, Code of Criminal Procedure," which, in turn, applies only to a felony case. Accordingly, the limitation of Rule 40(b)(1) does not affect appellant's right to appeal his misdemeanor conviction.

Under the circumstances, appellant's notice of appeal, filed pursuant to Rule 40(b)(1), together with the remaining language of TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979 & Supp.1989), vest this court with jurisdiction to review his appeal from denial of his motion to suppress. Our sister court reached a similar conclusion in *Yates v. State*, 759 S.W.2d 949 (Tex.App.—Dallas 1988, no pet. reported).[1]

Janie Uriste was standing outside her mother's club on Telephone Road in Houston on the evening of June 23, 1987, when she saw the appellant driving by slowly. His car window was down, he was waving at her and gesturing for her to cross the street to approach his car and he appeared intoxicated. Appellant was still looking at Uriste when he made a U-turn in the road. As appellant completed the U-turn, Uriste saw his car hit the rear tire of a motorcycle an older man was driving, causing it to tip over. The motorcycle slid along the road and carried its driver a considerable distance.

A passing motorist obtained appellant's license plate number and gave it and a description of appellant's car to police officers who arrived at the scene and found the victim barely conscious. Uriste described appellant to the officers and told them he appeared intoxicated. After checking appellant's license by computer, H.P.D. Officer Bates went to appellant's address to investigate the accident and a possible failure to stop and render aid, in violation of TEX.REV.CIV.STAT.ANN. art. 6701d § 40 (Vernon Supp.1989).

Officer Bates found the car described to him parked in the driveway to the appellant's house. Appellant came to the door in answer to the officer's knock, offered to accompany the officer to the scene of the accident and entered the back seat of the patrol car voluntarily. At the scene of the

---

1. *But see Studer v. State*, 757 S.W.2d 107 (Tex. App.—Dallas 1988, pet. filed). Following *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972), a different panel of the Dallas court held that by pleading nolo contendere, the accused had waived his right to appeal non-jurisdictional issues in his misdemeanor case. 757 S.W.2d at 109. In *Studer*, which preceded *Yates* by less than two months, the court also questioned whether repeal of the proviso of Article 44.02 was a proper function of the court of criminal appeals in view of TEX.GOV'T CODE ANN. § 22.108 (Vernon 1988), which forbids the court from promulgating appellate rules which "abridge, enlarge, or *modify* (emphasis added)" a litigant's substantive rights. 757 S.W.2d at 109 n. 1.

accident, Jamie Salazar identified appellant as the same man involved in the accident. At that point, an officer took appellant to the DWI room at police headquarters for an intoxilyzer test.

Appellant brings three points of error challenging the trial court's denial of his motion to suppress. Appellant argues the trial court should have suppressed the results of his intoxilyzer test pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1989) because the test was the result of a warrantless arrest and therefore violated Article I, Section 19 of the Texas Constitution and the fourth and fourteenth amendments of the United States Constitution. We disagree with these contentions because the record does not reflect that appellant was ever under arrest. Rather, the record shows, by appellant's own admissions, that he voluntarily consented to return to the scene of the accident when Officer Bates came to his house to investigate the accident.

 An arrest does not occur until an individual has been placed under restraint or taken into custody. TEX.CODE CRIM. PROC.ANN. art. 15.22 (Vernon 1977). Further, a "seizure" of the person under the fourth amendment does not occur unless, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. *Livingston v. State*, 739 S.W.2d 311, 327 (Tex.Crim.App.1987) (en banc) *cert. denied,* — U.S. ——, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), citing *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Although the rear doors of the police vehicle did not open from the inside, this fact, without more, does not constitute restraint. *Livingston,* 739 S.W.2d at 328 n. 10; *compare Pickens v. State*, 712 S.W.2d 560, 561 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (defendant was under arrest when officer handcuffed him and placed in the rear seat of a patrol car).

Officer Bates testified the appellant was not under arrest but agreed voluntarily to return to the scene of the accident. Appellant did not contradict that testimony and

indeed confirmed it by stating "I offered to go, because I didn't feel guilty of [*sic*] what had occurred." He verified that statement under cross-examination by the prosecutor. Since the record shows only that appellant knew Officer Bates was investigating the accident and voluntarily accompanied him to the scene, we find no violation of TEX.CODE CRIM.PROC.ANN. art. 38.23, the Texas Constitution or the United States Constitution.

We overrule appellant's points of error and affirm the judgment of the trial court.

J. CURTISS BROWN, Chief Justice, concurring.

Although I agree with the result the majority reaches in affirming the judgment and sentence of the trial court, I am unable to join in the reasoning they employ in disposing of the State's contention under *Helms v. State*, 484 S.W.2d 925 (Tex.Crim. App.1972). The majority perceives the State's argument, that appellant failed to preserve his right to appeal the denial of his motion to suppress evidence, as an attack upon the jurisdiction of this court to consider the appeal. The State confuses the situation by speaking interchangeably of lack of jurisdiction and failure to preserve error. *Helms* clearly stands only for the proposition that one who enters a plea of guilty or nolo contendere without a plea bargain waives all nonjurisdictional defects, including claimed deprivations of federal due process. 484 S.W.2d at 927. The real issue, then, is not *jurisdiction*, but possible *waiver* of certain grounds of appeal.

The majority undertakes a paintstaking analysis of TEX.R.APP.P. 40(b)(1) and its predecessor, TEX.CODE CRIM.PROC.ANN. art. 44.02. It then concludes that the reference in Rule 40(b)(1) to TEX.CODE CRIM.PROC.ANN. art. 1.15, which deals only with felony pleas, and the omission of a reference to any provision governing misdemeanor pleas, results in an unfettered right of appeal on the part of one entering a plea of guilty or nolo contendere to a misdemeanor charge.

Rule 40(b)(1) deals only with cases in which a defendant enters a plea pursuant

to a plea bargain. In speaking of the notice required to perfect an appeal, the Rule provides that the

> ... notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney,* in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. (emphasis added)

The Rule nowhere mentions the situation in which a defendant enters a plea of guilty or nolo contendere in the absence of a plea bargain. Likewise, former article 44.02 addressed only the situation where a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain.

It has long been the law in Texas that, where a defendant enters a plea of guilty or nolo contendere in the absence of a plea bargain, and he makes the plea voluntarily and understandingly, he waives all nonjurisdictional defects. This was most clearly stated in *Helms v. State,* 484 S.W.2d at 927, the decision from which the rule derives its name. The *Helms* court, however, clearly noted the rule existed at least as far back as *Soto v. State,* 456 S.W.2d 389 (Tex. Crim.App.1970) and *Fierro v. State,* 437 S.W.2d 833 (Tex.Crim.App.1969). *Fierro's* antecedents are *Hoskins v. State,* 425 S.W.2d 825 (Tex.Crim.App.1968), as well as a line of federal appellate court cases. *Haynes v. United States,* 372 F.2d 651 (5th Cir.1967); *Law v. Beto,* 370 F.2d 369 (5th Cir.1966), *cert. denied,* 389 U.S. 863, 88 S.Ct. 123, 19 L.Ed.2d 132 (1967); *White v. Beto,* 367 F.2d 557 (U.S.App. 5th Cir.1966). Those cases stand uniformly for the proposition that, where there is no plea bargain, "[t]he guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jur-

isdictional defects in the prior proceedings." 370 F.2d at 369; 367 F.2d at 558.

The roots of the *Helms* rule appear in even earlier cases. As the Court of Criminal Appeals said in *Anderson v. State,* 42 S.W.2d 1012 (Tex.Crim.App.1931), with respect to the plea of guilty, "the entry of the plea, after due admonition, is conclusive of guilt, unless the evidence introduced upon the trial makes manifest the innocence of the accused." *Id.* The court may not accept a guilty plea in the face of evidence which negates the guilt of the accused. *Fairfield v. State,* 610 S.W.2d 771, 778 (Tex.Crim.App.1981). In the absence of such evidence, where a defendant freely and voluntary enters a plea, the plea serves as an admission of all facts alleged in the indictment and is conclusive as to guilt. 610 S.W.2d at 780. Logically, a defendant cannot appeal such a plea except upon jurisdictional grounds. This is especially true in misdemeanor cases where a guilty plea, standing alone, is sufficient to support a finding of guilt. *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim. App.1986).

While the origins of the *Helms* rule are somewhat obscure, it is inextricably bound up with the notion that a plea of guilty or nolo contendere admits every necessary fact. Thus, where the trial court has jurisdiction and the plea is voluntary, there is, quite simply, nothing to appeal. It is likely that the basis of the rule of law known as the *"Helms* rule" is as old as Texas jurisprudence.

Only by virtue of the 1977 amendment to article 44.02, which was later carried forward into TEX.R.APP.P. 40(b)(1), did appellant have any right to appellate review of his conviction on other than jurisdictional grounds or on the contention that his plea was involuntary.

Formerly, a guilty plea that was voluntarily and understandably made waived all nonjurisdictional defects, including any claimed deprivation of federal due process. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972). This same principle applied to a no contest plea. *Fierro v. State,* 437 S.W.2d 833, 834

(Tex.Crim.App.1969). The *"Helms* rule" was abrogated in part by the 1977 proviso added to TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). This amendment allowed the right to appeal in cases where (1) there is a negotiated recommendation as to punishment, and (2) the punishment actually assessed does not exceed the recommendation. [Citations omitted].

*Larson v. State*, 759 S.W.2d 457, 459 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied*, —— U.S. ——, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989).

The majority, nonetheless, concludes that since, by its adoption of Rule 40(b)(1) the Court of Criminal Appeals repealed only the proviso of TEX.CODE CRIM.PROC.ANN. art. 44.02, it thereby created an unfettered right of appeal for those suffering misdemeanor convictions. With its former proviso deleted, art. 44.02 now reads: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

We are asked to believe that the Court of Criminal Appeals, by its action, intended to open the appellate door to all those convicted of criminal offenses, except to the extent Rule 40(b)(1) and other applicable rules modify the right to appeal. We are to believe, furthermore, that by its adoption of Rule 40(b)(1), which omits language specifically referring to misdemeanor pleas, the Court of Criminal Appeals intended to elevate the appellate rights of those convicted of misdemeanors to a higher level than the rights of those convicted of felony offenses.

Those are illogical results which find little support in the law. As we have seen, the *Helms* rule derives its authority from neither Rule 40(b)(1) nor from article 44.02. *King v. State*, 687 S.W.2d 762 (Tex.Crim. App.1985), makes the situation clear. The Court of Criminal Appeals said there, "A defendant who enters a *plea of guilty* or nolo contendere *without a plea bargain* either before the court or a jury still retains the right of appeal at his option." 687 S.W.2d at 765 (emphasis in original).

The 1977 amendment for the first time conferred upon a defendant who entered a guilty or nolo contendere plea a limited right to appeal on the merits. The *King* court while recognizing that change, went on to point out that, in cases where a defendant enters a guilty or nolo contendere plea without a plea bargain, the appellate procedure "is not changed by the 1977 amendment to Article 44.02." *Id.* The court said, with respect to pleas of guilty or nolo contendere entered without a plea bargain, *"We conclude that the Helms line of cases still applies...."* (emphasis in original). *Id.* Since the defendant entered a plea of guilty in the absence of a plea bargain in *King* and the court found the plea was "voluntarily and understandably" made, defendant waived appeal of all but jurisdictional defects. *Id.* at 766. The *King* court concluded, "Appellant thus waived any right to appeal the ruling on the motion to quash the indictment." *Id.*

The majority would have us hold that, by what is likely an inadvertent stroke of the pen in mentioning only TEX.CODE CRIM. PROC.ANN. art. 1.15 in Rule 40(b)(1), the Court of Criminal Appeals intended to reverse more than 100 years of Texas jurisprudence, opening the door to misdemeanor appeals *without* restriction. The 1977 amendment opened the door to a limited right to appeal *on the merits* where there was a guilty or nolo contendere plea pursuant to a plea bargain and the punishment recommendation of the prosecutor was not exceeded. (That is, while an appellant pleading guilty or nolo contendere has always had the *right* to appeal his conviction, he has only been able to have his points of error considered on the merits since 1977 and then only where there was a plea bargain.) Though there may be a defect in Rule 40(b)(1) as it is now written, and though a portion of article 44.02 has been retained, it is illogical to conclude those two circumstances taken together throw wide the appellate door for those convicted of misdemeanors. It should be noted, parenthetically, that Rule 40(b)(1) speaks only in terms of the *notice* required to appeal where there is a plea bargained plea of guilty or nolo contendere. It does not at-

tempt to affirmatively grant any *right of appeal.*

If Rule 40(b)(1) is, indeed, defective as written, it is logical, with respect to the right to appeal misdemeanor convictions without plea bargains, that we return to the situation *status quo ante,* that is before the 1977 amendment to Article 44.02. As before 1977, we have in effect the initial portion of article 44.02 minus the proviso. It is more logical to hold that one convicted of a misdemeanor upon his plea of guilty or nolo contendere, with *or* without a plea bargain, has *no* right to review on the merits of his points of error except in cases involving involuntary pleas or jurisdictional defects, than to conclude, as the majority does, that one in such a position enjoys an "unfettered" right of appeal.

Fortunately, it is unnecessary to reach either extreme conclusion. The majority relies upon the decision in *Yates v. State,* 759 S.W.2d 949 (Tex.App.—Dallas 1988, no pet.). For the reasons set out herein, I believe the Dallas court reached an incorrect decision in *Yates.* In *Studer v. State,* 757 S.W.2d 107 (Tex.App.—Dallas 1988, pet filed), issued less than two months before *Yates,* the Dallas Court held that where the defendant pleaded nolo contendere to the misdemeanor offense of indecent exposure without a plea bargain, the asserted defect in the information upon which the prosecution was based was nonjurisdictional and that he, therefore, waived his right to appeal the alleged error. 757 S.W.2d at 111. In a footnote, Justice Hecht held that *Studer* met neither the requirements of Rule 40(b)(1), nor of article 44.02. 757 S.W.2d at 109. The court also held that, if neither provision applies because of the asserted

defect in Rule 40(b)(1), then the *Helms* rule applies. *Id.*

Justice Hecht notes that the Court of Criminal Appeals' power to repeal, in connection with its rulemaking power granted by the legislature, does not allow it to "abridge, enlarge, or modify the substantive rights of a litigant." *Id.* at n. 1 *citing* Tex.Gov't Code Ann. § 22.108. It may be argued that the enlargement of the right to appeal misdemeanor convictions that the majority finds because of the defect in Rule 40(b)(1) affects only the *procedural* rights of a litigant. I disagree. As the tracing of the history of the *Helms* rule demonstrates, the rule deals not only with the right of a litigant to appeal upon certain terms, but goes to the very effect and meaning of a guilty or nolo contendere plea. The majority cannot hold as it does without reversing the line of cases that hold that a misdemeanor plea of guilty or nolo contendere in the absence of a plea bargain is conclusive upon the facts and waives all but jurisdictional error. For this reason, I cannot agree that the change in the right to appeal discerned by the majority can be anything other than a *substantive* enlargement of the rights of a litigant in violation of Tex.Gov't Code Ann. § 22.108(a).[1]

For all the reasons set forth, I would hold that the *Helms* rule is still in full force. Thus, if appellant entered a nolo contendere plea in the absence of a plea bargain, he waived his right to appeal the denial of his motion to suppress evidence. It is necessary to determine whether, in fact, there was a plea bargain in the instant case, or whether appellant waived the right to appeal the ruling on his motion to suppress evidence by entering an unnegoti-

---

1. In an analogous case decided recently by the Austin Court of Appeals, that court held that the fifteen-day limitation on the State's right to appeal contained in Tex.Code Crim.Proc.Ann. art. 44.01(d) cannot be extended by a timely motion to extend time filed under the authority of Tex. R.App.P. 41(b)(2). *See State v. Demaret,* 764 S.W.2d 857 (Tex.App.—Austin 1989, no pet.). The court held that the fifteen-day limitation on the State's right to perfect an appeal, while appearing to be procedural in nature, "limits the State's substantive authority to appeal." 764

S.W.2d at 858. As such, the State's right of appeal cannot be enlarged by operation of the Rules of Appellate Procedure. Although the decision was made under a predecessor statute to Tex.Gov't Code Ann. § 22.108, set out in Acts 1985, 69th Leg., ch. 685, § 1, p. 2472, eff. Aug. 26, 1985, both contain the identical limitation on the Court of Criminal Appeals' rulemaking power, providing that "its rules may not abridge, enlarge, or modify the substantive rights of a litigant."

ated plea of nolo contendere. The State contends the record does not affirmatively show there was a plea bargain. Where there is no evidence of a plea bargain, it cannot be assumed there was one. *Cristal v. State,* 692 S.W.2d 656, 658 (Tex.Crim. App.1981).

The judgment in the instant case does not disclose whether there was a plea bargain. The plea form that is signed by appellant, his attorney, and the prosecutor recites: "Upon my plea of no contest I understand the prosecutor will recommend —1 year HC Jail/$2,000 fine...." Following that recital there is wording in the form that has been scratched through: "... and I agree to that recommendation. I understand that any plea bargain agreement is not binding upon the Court." In the plea hearing the court inquired of the prosecutor whether there was any "agreed recommendation here between the State and the Defense." The prosecutor responded, "No, Your Honor, there isn't, though the State did recommend one year in the Harris County Jail and a two thousand dollar fine." In his reply brief, appellant contends there was an agreement as to the punishment the State would recommend and that this constitutes a plea bargain agreement, permitting appellant to challenge the trial court's ruling on the motion to suppress evidence on appeal. In the alternative, appellant contends that if there were no plea bargain the court affirmatively misled him into believing he could appeal the trial court's ruling and his plea is thus involuntary as a conditional plea. We are unable to consider this latter assertion, however. Appellant does not assert the plea was involuntary in his original brief. His original brief is devoted to arguing his contention that the trial court improperly denied his motion to suppress. The assertion that the plea was conditional if there were no plea bargain can only be viewed as an additional point of error. Appellant did not receive the permission of the court to raise an additional point of error in his reply brief. Where an additional point of error is contained in a supplemental brief it is not properly before the court for review. *Coleman v. State,* 632 S.W.2d 616, 619

(Tex.Crim.App.1982). We are, therefore, unable to consider whether appellant's nolo contendere plea was conditional, and thereby, involuntary.

Instead, we must determine whether there is sufficient evidence of a plea bargain in the record before us to preserve appellant's right to have us review his points of error. We are able to discern from the record that appellant agreed to enter a plea of nolo contendere. The State agreed to recommend to the court that appellant be sentenced to one year in the Harris County Jail and a $2,000 fine. In essence, then, the State agreed to a "cap" on the punishment available. Appellant, while not agreeing to the specific punishment the State would recommend, understood what the State's recommendation would be, while reserving the right to argue for probation, and ostensibly the right to appeal.

The State's position is that, since the parties failed to agree upon a specific punishment, there was no plea bargain. This position, however, is in error. As the Court of Criminal Appeals points out in *Scott v. State,* 690 S.W.2d 256 (Tex.Crim. App.1985), "[T]here is no requirement that all plea bargains contain an agreement as to punishment." 690 S.W.2d at 258. The *Scott* court then quotes *Ex parte Williams,* 637 S.W.2d 943 (Tex.Crim.App. 1982), with approval:

> Essentially, plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, or the reduction of counts which comprise the charging instrument in exchange for the defendant's concession as to his plea of guilty or plea of nolo contendere....

637 S.W.2d at 947–948.

In the instant case, the State agreed to a concession in recommending less than the full range of punishment available. The Court could have sentenced appellant to a term of up to two years in the county jail and a fine of up to $2,000, in the absence of such an agreement. TEX.REV.CIV.STAT.ANN. art. 6701*l* –1(c). Instead, the State agreed to recommend a punishment of one year in

county jail and a fine of $2,000. Appellant, on his part, agreed to the concession of entering a plea of nolo contendere.

The State contends, since the Court did not follow its plea recommendation, there was, therefore, no plea bargain. Again, however, this is an erroneous argument. TEX.R.APP.P. 40(b)(1) requires only that, *"the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney."* (emphasis added).

The trial court did not exceed the punishment recommendation of the State. The court sentenced appellant to forty days in the county jail and imposed a fine of $500. While there was not an agreement as to the specific punishment the court was to assess, appellant and his attorney did agree to the punishment the State was to recommend. This is sufficient under *Scott* to show the existence of a plea bargain agreement. As a result, the court properly reaches the merits of appellant's points of error.[2]

I do not disagree with the conclusion reached by the majority in evaluating the merits of appellant's points of error. But, since I disagree with the reasoning the majority employs in reaching a consideration on the merits, I concur in the result only.

---

[2] I am cognizant of the recent Court of Criminal Appeals' holding in *Padgett v. State,* 764 S.W.2d 239 (Tex.Crim.App.1989). The instant case, however, is distinguishable. In *Padgett,* the record did not clearly indicate any agreement had been entered into or the terms of any agreement. In the instant case, both appellant and his attorney signed the plea form acknowledging the recommendation the State would make. In addition, *Padgett* was decided under TEX.CODE CRIM.PROC.ANN. art. 44.02, which is no longer applicable. The Court of Criminal Appeals does not mention its holding in *Scott,* but neither does it overrule it.

In the event *Padgett* is held to be controlling in the instance case, appellant's points of error must be overruled as waived.