**James T. COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–094–CR.**

Court of Appeals of Texas, Austin.

June 13, 1990.

Christopher Morgan, Austin, for appellant.

Ken Oden, County Atty., Alia Moses, Asst. County Atty., Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

GAMMAGE, Justice.

After pleading "no contest," James T. Collins was convicted of driving while intoxicated. The trial court assessed a punishment of 45 days in jail and a $300 fine. Collins appeals his conviction contending

that the trial court erred by refusing to sustain his motion to suppress evidence, because he was arrested without a warrant or probable cause in violation of the Texas Constitution and the Texas Code of Criminal Procedure. *See* Tex. Const. art. I, §§ 9 and 19; Tex.Code Cr.P.Ann. arts. 14.01–14.-04 (1977 & Supp.1990). Because we conclude Collins' plea was not entered voluntarily, we will reverse the judgment of the trial court.

## BACKGROUND

After the State filed an information alleging Collins had been driving while intoxicated, the trial court held a pretrial hearing pursuant to Collins' motion to suppress.[1] After a series of hearings, the court overruled the motion as to the evidence seized after his arrest. Thereafter, he pleaded "no contest" pursuant to a plea bargain, and the court found him guilty. Other than the plea, no evidence supporting guilt was introduced.

## PRESERVATION OF ERROR

As a general rule, a plea of guilty or no contest waives all nonjurisdictional errors. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972). Under rule 40(b)(1) of the Texas Rules of Appellate Procedure, the *Helms* rule does not apply if the plea was entered pursuant to article 1.15 of the Texas Code of Criminal Procedures, if there was a plea bargain agreement, and if the defect or error was raised by written pretrial motion. Tex.R.App.P.Ann. 40(b)(1) (Pamp.1990); Tex.Code Cr.P.Ann. art. 1.15 (1977). But, because the appellate rule 40(b)(1) exception, unlike the repealed proviso to article 44.02 of the Texas Code of Criminal Procedure it replaced, applies only to pleas entered pursuant to article 1.15, its effect is limited to felony prosecutions.[2] *Salazar v. State*, 773 S.W.2d 34, 35 (Tex. App.1989, no pet.); *Yates v. State*, 759 S.W.2d 949–950 (Tex.App.1988, no pet.); Tex.Code Cr.P. ann. art. 1.15 (1977).[3] Consequently, the *Helms* rule is now invoked by any plea of guilty or no contest in a misdemeanor prosecution, regardless of the existence of a plea bargain agreement.

Applying *Helms*, we find that by entering a plea of no contest, Collins waived his right to complain of the overruling of his motion to suppress.

The record indicates the court was told by defense counsel that Collins' plea was "a negotiated conditional plea under 44.02." We conclude from our reading of the record as a whole that Collins' trial counsel and the trial court erroneously believed that because this was a negotiated plea, Collins could appeal the denial of his suppression motion despite his plea of "no contest." Collins' plea, consequently, was not entered voluntarily. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Cr.App.1985); *Christal v. State*, 692 S.W.2d 656, 658 (Tex. Cr.App.1981).

1. The record indicates that a wrecker driver observed Collins "cutting through the curves" and "weaving from side to side" on Ranch Road 2222 in Travis County. The witness notified his wrecker dispatcher about a "possible DWI" so that the police could be notified. The record indicates that no peace officer or magistrate observed Collins driving before his arrest. The witness followed Collins until he finally stopped at a gas station where he parked his car. When Austin police officer Burris arrived at the scene, he questioned the wrecker driver about the possible DWI. A short time later, police officer Shipp arrived, and Burris directed him to detain Collins. Burris then requested that Collins perform some field sobriety tests. He complied, whereupon Burris placed him under arrest "for driving while intoxicated." Burris then searched Collins' car and found several empty beer bottles and cans.

2. Another plausible reading of the appellate rule 40(b)(1) proviso may be that misdemeanor pleas are contemplated in the proviso if they are entered pursuant to the requirements of article 1.15 of the Code of Criminal Procedure. Such an interpretation, however, would not be relevant here because no evidence supporting guilt was entered at the time of the plea either by the State or in stipulated form. *See* Tex.Code Cr.P. Ann. art. 1.15 (1977).

3. Our reliance on *Yates* and *Salazar* is strictly limited to the point for which they are cited.

We reverse the judgment of conviction and remand the cause to the trial court for a new trial.[4]

Ann FLUKINGER, et al., Appellants,

v.

William J. STRAUGHAN, et al., Appellees.

No. C14–87–00885–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 1990.

Rehearing Denied Aug. 9, 1990.

4. If our decision required resolution of the arrest and search issue, we would have sustained Collins' point of error challenging the trial court's failure to grant his motion to suppress for the following reasons:

Because no peace officer or magistrate observed Collins driving, he *was* subject to a warrantless arrest by officer Burris for public intoxication only, *not* for driving while intoxicated. *Warrick v. State,* 634 S.W.2d 707, 709 (Tex.Cr.App.1982); *Livingston v. State,* 728 S.W.2d 144, 145 (Tex.App.1987, no pet.); Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp.1990); Tex.Code Cr.P.Ann. arts. 14.01 and 14.02 (1977). We note that even if an offense is not committed within view of a peace officer or magistrate, article 14.03 of the Texas Code of Criminal Procedure provides for a warrantless arrest in a limited number of circumstances. Tex.Code Cr.P.Ann. art. 14.03 (Supp. 1990). Here, the appellate record does not evidence the requisite circumstances needed to justify a warrantless arrest pursuant to article 14.-03.

The test for review as to whether probable cause existed for a public intoxication arrest is whether the officer's knowledge at the time of the arrest would warrant a prudent person in believing that a suspect, albeit intoxicated, was in any way a danger to himself or another person. *Britton v. State,* 578 S.W.2d 685, 689 (Tex.Cr.App.1979); *Carey v. State,* 695 S.W.2d 306, 312 (Tex.App.1985, no pet.); Tex.Pen.Code Ann. § 42.08(a) (1989). In addition, the appellate court will independently scrutinize the objective facts without regard to the subjective conclusions of the officers to determine the existence of probable cause. *Johnson v. State,* 722 S.W.2d 417, 419 (Tex.Cr.App.1986).

Officer Burris observed that Collins was located near the store and away from his car when the officers arrived; that he smelled strongly of alcohol; that his eyes were bloodshot; that his shorts were wet; that he claimed he had been swimming; that his foot was cut; that he was barefoot; that he had an unsteady walk, moderately swayed, did not have full balance, but was not staggering or bumping into anyone; that he did not attempt to move toward the street which was some distance away; that his speech was slightly slurred, but he was *not* "mush-mouthed," "thick-tongued," or mumbling; that Collins seemed to understand Burris, although Collins seemed confused; that he was cooperative; that his car was not dangerously parked; that he stated, even before officer Burris told him that he was too drunk to drive, that he would stay at the station if the wrecker driver thought he was drunk; and that, in a manner of speaking, *he was able to take care of himself.* In *Davis v. State,* 576 S.W.2d 378, 380 (Tex.Cr. App.1978), the Court concluded that the defendant who had been walking on a city sidewalk in front of a retail store was not subject to a warrantless arrest for public intoxication *although* the officer observed that the suspect was intoxicated and "unsteady on his feet and his speech was slurred." The Court reasoned that *this alone* was insufficient to support a conclusion that he may have endangered himself or another. *Id.; accord Berg v. State,* 720 S.W.2d 199, 201 (Tex.App.1986, pet. ref'd) (officers' observations that appellant was unbalanced and thick-tongued *were not sufficient* to allow them to conclude that appellant was intoxicated to the degree that would justify a warrantless arrest for public intoxication).

Although officer Burris may have honestly believed Collins could have been a danger to himself, a prudent person would not have so concluded from the information noted by the officer, especially because officer Burris agreed that Collins, in a manner of speaking, was able to take care of himself. *See Johnson,* 722 S.W.2d at 419; *Davis,* 576 S.W.2d at 378; *Berg,* 720 S.W.2d at 201. Accordingly, officer Burris did not have probable cause to arrest Collins. *Britton,* 578 S.W.2d at 689; *Carey,* 695 S.W.2d at 312. Because Collins' warrantless arrest was without probable cause, the seizure of the cans and bottles from his car and the subsequent videotaping were unlawful. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. The resulting fruits of these actions should have been suppressed by the trial court. *Smith v. State,* 542 S.W.2d 420, 422 (Tex.Cr.App.1976).