Robert D. **LEMMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–89–00578–CR.

Court of Appeals of Texas, San Antonio.

Sept. 27, 1990.

Discretionary Review Granted Nov. 28, 1990.

Joe Mike Egan, Jr., Kerrville, for appellant.

David Motley, Robert A. Denson, County Attys., Kerrville, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

The opinion of this court issued August 15, 1990, is withdrawn and the following opinion is substituted therefore.

■ Appellant Robert D. Lemmons appeals his conviction for the offense of Driving While Intoxicated. The court assessed punishment at $300.00 fine and costs, and 180 days in jail probated for one year. We reverse the court's judgment because appellant's plea was involuntary.

Pursuant to appellant's motion to suppress, the trial court held a pretrial hearing and denied the motion. Thereafter, appellant plead "guilty" in conjunction with a plea bargain, and the court found him guilty. However, the record reflects that no evidence was introduced supporting appellant's plea.

■ Appellant contends that the trial court erred in failing to sustain his motion to suppress evidence at a pretrial hearing "because the stop of defendant's automobile was violative of defendant's rights guaranteed by the Fourth Amendment to

---

be free from all unreasonable searches and seizures."

In *Helms v. State*, 484 S.W.2d 925 (Tex. Crim.App.1972), the Texas Court of Criminal Appeals established the general rule that a plea of guilty or nolo contendere waives all nonjurisdictional errors. *Id.* at 927. However, the *Helms* rule does not apply under the provisions of rule 40(b)(1) of the Texas Rules of Appellate Procedure, which replaced repealed article 44.02 of the Texas Code of Criminal Procedure, if the plea was entered pursuant to article 1.15 of the Texas Code of Criminal Procedure, there was a plea bargain agreement, and the error was raised in written pretrial motion. Tex.R.App.P. 40(b)(1).

Article 1.15 of the Code of Criminal Procedure commences "No person can be convicted of a felony ..." and clearly applies to guilty pleas in felony prosecutions. TEX.CODE CRIM.PROC.ANN. art. 1.15 (1977). As a consequence, one court of appeals has concluded that since rule 40(b)(1) does not apply to misdemeanor cases, the *Helms* rule applies; by entering a plea of guilty in a misdemeanor case, an accused waives his right to appeal the trial court's denial of his motion to suppress. *Collins v. State*, 795 S.W.2d 777 (Tex.App. —Austin 1990). Nevertheless, even if rule 40(b)(1), *supra*, were to apply to misdemeanor cases, it would not apply here because no evidence was presented either by the state or by stipulation to support the guilty plea as required by article 1.15, *supra*.

Appellant has filed his reconsideration on petition for discretionary review, and strangely insists that this court apply *Yates v. State*, 759 S.W.2d 949 (Tex.App.— Dallas 1988, no pet.). In *Yates*, the court recognized that "the proviso of rule 40(b)(1) has no application in this case" because it only applies to felony cases, however, the court completely failed to address the *Helms* rule, and instead, simply considered the complaint after accepting jurisdiction. *Id.* at 950.

Nevertheless, the court in *Yates*, recognized that article 27.14(a) of the code of criminal procedure permits the trial court to assess punishment in a misdemeanor case without hearing any evidence where a plea of guilty or nolo contendere is made in a bench trial. *Id.* Moreover, the court, citing *Mitchell v. State*, 586 S.W.2d 491, 495 (Tex.Crim.App.1979, op. on appellant's motion for reh'g), held that the appellant must demonstrate harm by presenting a record which reflects that the evidence sought to be suppressed was later used against him to determine his guilt. Since the appellant in *Yates* failed to present such a record, and because the court could impose punishment without any evidence under the circumstances, the point was overruled and the judgment affirmed. *Id.*

Likewise, the appellant here has failed to present a record that reflects that the evidence sought to be suppressed was later used to determine his guilt. Therefore, were we to comply with appellant's wishes by disregarding the *Helms* rule and applying *Yates*, we would have to affirm the judgment. However, we cannot properly ignore the *Helms* rule.

Nevertheless, the State concedes, and the record clearly reflects that the court, state, and the appellant understood that the plea of guilty was conditioned on the appellant being able to appeal the denial of his motion to suppress. Thus, the plea was entered involuntarily, and under these circumstances, the judgment must be reversed and remanded to the trial court for a new trial. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App. 1981).