**Wallace WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–440–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1991.

Discretionary Review Refused
Sept. 11, 1991.

Robert G. Turner, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant entered a plea of guilty before the court to the offense of possession of marihuana. TEX.HEALTH & SAFETY CODE ANN. § 481.121(b)(1). He was convicted and the court assessed punishment at confinement for four days in the Harris County Jail and a fine of $300.00. We affirm.

Appellant raises a single point of error, contending that the trial court erred in denying his motion to suppress evidence. We do not reach the merits of appellant's point of error, finding that he failed to preserve error.

Appellant's notice of appeal fails to comply with TEX.R.APP.P. 40(b)(1), which provides:

Such notice shall be sufficient if it shows the desire of the defendant to appeal ... but if the judgment was rendered upon his plea of guilty or nolo contendere ..., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to

entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* (Emphasis added.)

The record in the instant case reveals that appellant's plea of guilty was entered pursuant to a plea bargain agreement. The trial court assessed the punishment agreed to by the parties. The notice of appeal, however, fails to state either that the trial court granted permission to appeal or that the subject matter of the appeal was raised by written motion and ruled on before trial.

■■■ Failure to comply with the requirements of Rule 40(b)(1) results in a failure "to preserve any nonjurisdictional defects for ... appeal." *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990). That is, while the reviewing court acquires bare jurisdiction over the appeal by virtue of the faulty notice of appeal, the appellate court may not entertain issues that are nonjurisdictional in nature. 796 S.W.2d at 186–187. The trial court's ruling on a motion to suppress evidence involves an alleged nonjurisdictional defect. *See Christal v. State*, 692 S.W.2d 656, 659 (Tex.Crim. App. [Panel Op.] 1985) (Opinion on motion for rehearing.)

We hold, therefore, that appellant failed to preserve any error relative to the trial court's overruling of his motion to suppress evidence and we are unable to consider his first point of error on the merits.

In a response brief, appellant contends that, in the event this court is unable to reach the merits of appellant's point of error, then his plea is rendered involuntary. That is so, appellant asserts, because his plea of guilty was explicitly conditioned on his right to appeal the denial of his motion to suppress evidence.

■■■ The contention that appellant's plea of guilty is involuntary if this Court fails to address the merits of his motion to suppress, differs from the one raised in his original brief and, therefore, constitutes an additional point of error. A point of error

raised for the first time in a supplemental brief is not properly presented for appellate review. *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex.Crim.App.1990); *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App. 1982).

■■■ We note, however, that even if we address the substance of this argument, we find it is without merit. To support his position, appellant cites two opinions from our sister courts of appeals: *Collins v. State*, 795 S.W.2d 777 (Tex.App.—Austin 1990, no pet.); and *Lemmons v. State*, 796 S.W.2d 572 (Tex.App.—San Antonio 1990, pet. granted). Both decisions held the pleas of the defendants were involuntary, relying on the Court of Criminal Appeals' decisions in *Broddus v. State*, 693 S.W.2d 459 (Tex.Crim.App.1985); and *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App. [Panel Op.] 1981). Both *Broddus* and *Christal* are inapposite to the instant situation, however. The distinguishing feature of those cases is that they involve pleas of guilty and nolo contendere where there were *no plea bargain agreements.* 693 S.W.2d at 461; 692 S.W.2d at 659. Because there is no right to appeal nonjurisdictional issues where a plea of guilty or nolo contendere is entered without an agreed punishment recommendation, the pleas were rendered involuntary when the trial court encouraged the belief that appeal of such issues was in order.

The instant case presents a very different picture. Pleading guilty pursuant to a plea bargain agreement, appellant had a right at the time of entering his plea to appeal the ruling on his pretrial motion to suppress evidence. Tex.R.App.P. 40(b)(1). It is only when he did not comply with the requirements of Rule 40(b)(1) regarding the contents of his notice of appeal that appellant failed to preserve error. Referring to the predecessor to Rule 40(b)(1), Tex.Code Crim.Proc.Ann. art. 44.02, the Court of Criminal Appeals held, "it is only when the defendant has satisfied the provisions of art. 44.02, ..., that he may complain on appeal of rulings on pretrial motions." *Dees v. State*, 676 S.W.2d 403, 404 (Tex. Crim.App.1984).

In both *Broddus and Christal* the trial court actively encouraged the misapprehension on the part of the defendants that they could obtain substantive review of their pretrial motions. 693 S.W.2d at 462; 692 S.W.2d at 659. In fact, however, neither defendant was entitled to such review, since their pleas were entered without agreed punishment recommendations.

In the instant case, there was nothing to prevent substantive review of the ruling on appellant's pretrial motion to suppress evidence at the time when he entered his plea of guilty. It would have been impossible, then, for the trial court to create a *false* impression appellant had such a right, since, in fact, he *did* have the right to appeal the trial court's ruling on his motion to suppress. It would have required prescience to an unusual degree on the part of the trial judge for him to have foreseen that appellant's counsel would fail to comply with Rule 40(b)(1). In the instant case it is obvious the trial court did not actively mislead appellant regarding his right to appellate review. He had a right to appeal the ruling on his pretrial motion to suppress evidence. It only remained for his counsel to properly preserve error by complying with TEX.R.APP.P. 40(b)(1). We overrule appellant's sole point of error.

Accordingly, we affirm the judgment of the trial court.

## OPINION ON MOTION FOR REHEARING

JUNELL, Justice.

In his motion for rehearing, appellant contends that the court's holding in this cause constitutes a repudiation of *Salazar v. State*, 773 S.W.2d 34 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

The *Salazar* opinion pre-dates *Jones v. State*, 796 S.W.2d 183 (Tex.Crim.App.1990), in which the court of criminal appeals held lack of compliance with TEX.R.APP.P. 40(b)(1) results in a failure "to preserve any nonjurisdictional defects for ... appeal." 796 S.W.2d at 186. Although *Jones* involved a plea to a felony offense, the court of criminal appeals made no attempt to distinguish the application of Rule 40(b)(1) on the basis of whether the offense upon which the plea was entered is classified as a felony or as a misdemeanor.

As the dissenting opinion of Chief Justice Brown points out in *Salazar*, there is a conflict between the various courts of appeals (and in one instance in opinions from the *same* court of appeals) concerning the applicability of Rule 40(b)(1) to misdemeanor pleas of guilty or nolo contendere. 773 S.W.2d at 39. As Chief Justice Brown also says, if Rule 40(b)(1) is held not to apply to misdemeanor pleas, there is as much reason to hold that would bar *any* appeal of a misdemeanor plea (except upon jurisdictional defects) as there is to hold that the right to appeal misdemeanor pleas of guilty or nolo contendere is completely unfettered. 773 S.W.2d at 39.[1]

This is obviously a situation where guidance is desirable from the court of criminal appeals to resolve the conflict in interpretations of the language of Rule 40(b)(1). It is to be hoped that the court of criminal appeals will seize the opportunity presented by the instant appeal to provide such guidance.

We overrule appellant's motion for rehearing.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent.

Appellant Wallace Wilson, was charged with the misdemeanor offense of possession of marijuana under two ounces. Prior

---

**1.** The Austin Court of Appeals held in *Collins v. State*, 795 S.W.2d 777 (Tex.App.—Austin 1990, no pet.), that the rule of *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972), applies with full force to misdemeanor pleas, barring review of nonjurisdictional defects. Justice Gammage then took the analysis a step further, deciding that, under *Broddus v. State*, 693 S.W.2d 459 (Tex.Crim.App.1985), the appellant's plea was "conditional" and, therefore, involuntary. 795 S.W.2d at 778. Were we to apply *Helms* and *Broddus* to the instant situation, since it is clear appellant conditioned his plea of guilty on his right to appeal the ruling on his pretrial motion to suppress, we would be forced to find his plea was thereby rendered involuntary.

to trial, appellant filed a written motion to suppress the evidence claiming violations of search and seizure laws. The trial court denied appellant's motion. Appellant entered into a plea bargain with the State and pled guilty, reserving his right to appeal the trial court's denial of his motion to suppress the evidence as part of the written plea agreement. Appellant timely filed written notice of appeal. Because this was a misdemeanor plea of guilty, not a felony plea pursuant to Article 1.15, Code of Criminal Procedure, the notice of appeal stated appellant's desire to appeal the judgment of the trial court. The notice of appeal did not state that the trial court granted permission to appeal or specify that the motion to suppress was raised by written motion and ruled on before trial. I find nothing in Texas Appellate Rule 40(b)(1) requiring such notice in the appeal of a misdemeanor case.

The majority opinion holds that appellant's notice of appeal failed to comply with Texas Rules of Appellate Procedure 40(b)(1) and therefore did not preserve any nonjurisdictional defects for appeal. In so holding, the majority misconstrued the plain language of Rule 40(b)(1) because the face of the Rule shows that the additional requirements in the notice applies only to felony guilty or nolo contendere pleas. The majority also failed to follow a previous opinion of this Court holding that the limitations of 40(b)(1) clearly do not apply to misdemeanor cases. *See Salazar v. State*, 773 S.W.2d 34, 35 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

Rule 40(b)(1) places no requirement for additional elements in the notice of appeal for non-felony pleas of guilty or nolo contendere.

### Rule 40(b)(1), Rules of Appellate Procedure

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State.

### Jury in Felony Article 1.15, Code of Criminal Procedure

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony b affidavits, written statements of witnesses, an any other documentary court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

The interpretation of Appellate Rule 40(b)(1) is an issue of great importance. Such interpretation must be based on the language of the Rule.

The majority cites *Jones v. State,* 796 S.W.2d 183 (Tex.Crim.App.1980) as authority that failure to comply with Rule 40(b)(1) results in failure to preserve any nonjurisdictional defects. *Jones* involved a felony plea, not a misdemeanor. The majority cites no authority to extend Rule 40(b)(1) limitation to misdemeanor pleas.

In the panel's original opinion, Rule 40(b)(1) is restated. What the restatement of the Rule completely omits after the phrase nolo contendere ... on line three is this: pursuant to Article 1.15, Code of Criminal Procedure, ... When this line is added, it changes the whole mandate of the limitation of the Rule, ie.,: that it applies only to pleas of guilty or nolo contendere "pursuant to Article 1.15. Code of Criminal Procedure" which, in turn, applies only to a felony case. This Court is dealing with a misdemeanor appeal and the first portion of Rule 40(b)(1) governs all non-felony pleas. The former language of Texas Code of Criminal Procedure, Article 44.02 authorized review of the merits of appellant's motion to suppress. Article 44.02 stated that where there is a plea bargain, and the court follows it, the appellant need only get permission if the matters to be appealed were not raised by written motion filed prior to trial. Here, appellant met the exact criteria for Article 44.02, and did not fall under the notice requirement of Rule 40(b)(1), because this was a misdemeanor plea not a felony.

This Court in *Salazar v. State,* 773 S.W.2d 34 (Tex.App.—Houston [14th Dist.] 1989, no pet.) discusses the repeal of Article 44.02 and concludes that the limitation on the right to appeal in plea bargained cases applies to felony pleas only.

> The emphasized language of the Rule, like the provision of former Article 44.02 on which the States relies here, limits the right of appeal in a plea bargained case. While the limiting language is quite similar to the proviso of former Article 44.-02, the face of Rule 40(b)(1) shows that it

applies only to pleas of guilty or nolo contendere pursuant to Article 1.15. Code of Criminal Procedure, which, in turn, applies only to a felony case. Accordingly, the limitation of Rule 40(b)(1) does not affect appellant's right to appeal his misdemeanor conviction. Under the circumstances, appellant's notice of appeal, filed pursuant to Rule 40(b)(1), together with the remaining language of Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979 & Supp.1989), vest this court with jurisdiction to review his appeal from denial of his motion to suppress. Our sister court reached a similar conclusion in *Yates v. State,* 759 S.W.2d 949 (Tex.App.—Dallas 1988), no pet.).

*Yates, supra,* reached the same conclusion regarding the portion of Rule 40(b)(1). In answering the same contention that the notice of appeal was defective the Court pointed out:

> Rule 40(b)(1) of the Rules of Appellate Procedure governs the means by which an appellant must perfect a criminal appeal. In pertinent part, the rule reads as follows:
>
>> If the judgment was rendered on his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.
>
> Article 1.15 of the Code of Criminal Procedure specifies some of the prerequisites for conviction in felony cases. Appellant was convicted of illegal possession of a firearm, a misdemeanor. Thus, the proviso of rule 40(b)(1) has no application to this case, and appellant's notice of appeal is sufficient to vest this Court with jurisdiction.

Justice Hecht, writing in *Studer v. State,* 757 S.W.2d 107 (Tex.App.—Dallas 1988),

discussed whether misdemeanor cases were covered by the restriction in then new Rule 40(b)(1).

However, those restrictions in rule 40(b)(1) appear to apply only to pleas of guilty or nolo contendere under article 1.15 of the Texas Code of Criminal Procedure, which covers only felony cases. The argument can therefore be made that the limits on appeal after pleas of guilty and nolo contendere under rule 40(b)(1), unlike article 44.02, apply only to felony cases. *Studer, supra* at pg. 109, ftn. 1.

The Court of Criminal Appeals, in affirming, held that it was appellant's failure to make a pre-trial objection to this misdemeanor plea that failed to preserve any non-jurisdictional error, not any defect in his notice of appeal of a misdemeanor. *Studer v. State,* 799 S.W.2d 263, 273 (Tex. Crim.App.1990).

I find that Rule 40(b)(1) does not read to require that notice of appeal in misdemeanor plea bargained cases contain the additional requirements governing felony pleas pursuant to Article 1.15. Therefore, appellant properly gave sufficient notice of appeal to argue his point of error and there was no defect of said notice of appeal because this was a misdemeanor plea.

Further, two recent opinions by Courts of Appeals have reversed the judgments of the trial courts where appellant, the Court, and the State all understood that the plea was entered conditionally that appellant could appeal the denial of his suppression motion. *See Collins v. State,* 795 S.W.2d 777 (Tex.App.—Austin 1990); *Lemmons v. State,* 796 S.W.2d 572 (Tex.App.—San Antonio 1990), P.D.R. granted. In identical situations to that of appellant, the Courts reversed, holding such pleas to be involuntary.

The record reveals that appeal of the motion to suppress ruling was contemplated in the plea bargain. In the Plea of Guilty form appellant, the State, and the trial court specifically acknowledged that the Motion to Suppress would be appealed pursuant to the plea bargain agreement. In part, the form states: *"The Plea of*

*Guilty is conditioned on my right to appeal the denial of my motion to suppress to the Court of Appeals."* The record is clear that appeal of the motion to suppress ruling was contemplated in the plea bargain.

In *Collins v. State, supra,* the Court held that the rule in *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972), applies with full force to misdemeanor pleas, barring review of nonjurisdictional defects, but under *Broddus v. State,* 693 S.W.2d 459 (Tex.Crim.App.1985), appellant's plea was "conditional" and therefore involuntary. Applying *Helms* and *Broddus* to appellant's situation, since it is clear appellant conditioned his plea of guilty on his right to appeal the ruling on his pretrial motion to suppress, I find that he entered his plea involuntarily.

I would grant the motion for rehearing and reverse the judgment of conviction and remand the cause to the trial court for a new trial.