IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-470-CR




RUSSELL LOUIS FOLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 


NO. 90CR-1149, HONORABLE FRED CLARK, JUDGE


 





PER CURIAM

 Appellant pleaded no contest to an information accusing him of possessing less than
two ounces of marihuana. Controlled Substances Act, Tex. Health & Safety Code Ann. §
481.121 (Pamph. 1992). Pursuant to a plea bargain agreement, the court assessed punishment at
incarceration for thirty days and a $450 fine, but suspended imposition of sentence and placed
appellant on probation for six months. By four points of error, appellant complains that the
county court at law erred by overruling his pretrial motion to suppress evidence. See Lemmons
v. State, 818 S.W.2d 58 (Tex. Crim. App. 1991).

 As he was patrolling Landa Park shortly after midnight on April 15, 1990, New
Braunfels police officer Kevin Fazzone saw appellant and a companion standing beside a pickup
truck. The officer approached the two men to tell them there was a midnight curfew in the park
and they would have to leave. The officer noticed that appellant displayed typical signs of
intoxication: a strong odor of intoxicating beverage, bloodshot eyes, unsteady balance, and
slurred speech. Based on these observations, the officer concluded that appellant was intoxicated. 
During cross-examination, Fazzone acknowledged that appellant was not armed, was not verbally
or physically threatening, and was able to understand the officer's questions.

 Officer Tommy Gonzales responded to Fazzone's call for a backup. Gonzales
described appellant and his companion as very unsteady on their feet; they were leaning against
the pickup in order to stand. In the officer's opinion, both men were very intoxicated. Gonzales
arrested appellant for public intoxication and conducted a pat-down search of his person. A bulge
in appellant's pants pocket proved to be a plastic bag containing a green leafy substance the officer
believed was marihuana. Two more bags of suspected marihuana were found in a jacket inside
the pickup. 

 Appellant urges, as he did below, that the police officers did not have probable
cause to arrest him for public intoxication. Appellant does not dispute the fact of his intoxication,
nor does he deny that Landa Park is a public place. Appellant contends, however, that the facts
known to the officers at the time of his arrest would not warrant a prudent person in believing that
appellant was a danger to himself or to another. See Tex. Penal Code Ann. § 42.08(a) (1989);
Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App. 1979) (opinion on rehearing). We
disagree.

 Because of the curfew, it was necessary for appellant and his companion to leave
the park. The officers could reasonably conclude that appellant and his equally intoxicated friend
would endanger themselves and the general public if they drove away in the pickup. See Dickey
v. State, 552 S.W.2d 467 (Tex. Crim. App. 1977); Bentley v. State, 535 S.W.2d 651 (Tex. Crim.
App. 1976). The officers also could reasonably conclude that the two men would endanger
themselves if they attempted to walk home, given the fact that it was dark and there was vehicular
traffic in the area. See Balli v. State, 530 S.W.2d 123 (Tex. Crim. App. 1975).

 Appellant relies on dicta found in this Court's opinion in Collins v. State, 795
S.W.2d 777, 779 n. 4. In Collins, the police officer met the intoxicated defendant at a service
station. The officer testified that the defendant offered to remain at the station if he was too
intoxicated to drive. The officer also stated that the defendant appeared to be able to take care
of himself. We believe that these facts distinguish Collins from the cause now before us. We also
believe that this cause is factually distinguishable from the following cases cited in Collins, in each
of which it was held that the police did not have probable cause to arrest for public intoxication: 
Davis v. State, 576 S.W.2d 378 (Tex. Crim. App. 1978); Berg v. State, 720 S.W.2d 199 (Tex.
App. 1986, pet. ref'd); Carey v. State, 695 S.W.2d 306 (Tex. App. 1985, no pet.).

 We conclude that the police had probable cause to arrest appellant without a
warrant for the offense of public intoxication. Tex. Code Crim. Proc. Ann. art. 14.01(b) (1977). 
The subsequent search was authorized as incident to that lawful arrest. Rogers v. State, 774
S.W.2d 247, 264 (Tex. Crim. App. 1989). The trial court did not err by overruling the motion
to suppress.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed:  April 22, 1992

[Do Not Publish]