**Lee Thomas CRUMP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–638–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Rehearing Denied June 5, 1986.

Jack I. McGee, Houston, for appellant.

John B. Holmes, Jr., Dinah Bailey, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant was charged with possession of marijuana. After his motion to suppress was denied, he entered a plea of nolo contendere and was sentenced to ten days confinement in the Harris County Jail, which was probated for six months. In two points of error appellant challenges the denial of his motion to suppress. We affirm.

■ It is unnecessary for us to address the merits of appellant's two grounds of error, for it is clear that appellant has waived his right to appeal the issues raised therein. In *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972), the Court of Criminal Appeals held that "[w]here a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived." *Helms v. State*, 484 S.W.2d at 927. This rule applies with equal force to pleas of nolo contendere where the record does not reflect that a plea bargain was made. *Christal v. State*, 692 S.W.2d 656, 658–59 (Tex.Crim.App.1985) (Opinion on Motion for Rehearing).

■ We have reviewed the record in this case and find no evidence that appellant's plea of nolo contendere was entered pursuant to a plea bargain. We are bound, therefore, by the rule in *Helms* and hold that absent proof in the record of a plea bargain, appellant has preserved no error and therefore nothing is presented to this court for review.

The judgment of the trial court is affirmed.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

■ In his motion for rehearing, appellant complains that we erred in our holding that upon a plea of nolo contendere and absent proof in the record of a plea bargain agreement, he waived the right to appeal the denial of his motion to suppress. One of appellant's main complaints in his motion for rehearing is that we erred in applying the *Helms* rule of waiver that "[w]here a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived." *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972). We noted that the *Helms* rule applies with equal force to pleas of nolo contendere *where the record does not reflect that a plea bargain was made*. *Christal v. State*, 692 S.W.2d 656, 658–59 (Tex.Crim. App.1985) (Opinion on Motion for Rehearing) (emphasis added); TEX.CODE CRIM. PROC.ANN. art. 44.02 (Vernon 1979). We reviewed the record in the case, found no evidence of a plea bargain, and accordingly found that no error was preserved and nothing was presented to this court for review.

In his motion for rehearing, appellant argues that there is a distinction between a plea of guilty in a felony case and a similar plea in a misdemeanor case. To support his contention appellant cites *Isam v. State*, 582 S.W.2d 441, 444 (Tex.Crim.App. 1979), wherein the Court of Criminal Appeals held that an adverse ruling on a motion to suppress could be challenged even though a guilty plea was subsequently entered to *misdemeanor* charges by the defendants. *Isam v. State*, 582 S.W.2d at 444 (emphasis added). Appellant cites the language in *Isam* that "[t]his case presents a completely different situation in that the offense is a misdemeanor instead of a felony, so different rules apply to the guilty plea." *Isam v. State*, 582 S.W.2d at 443. The Court held inapplicable the rule in *Brown v. State*, 507 S.W.2d 235 (Tex.Crim. App.1974), that by a plea of guilty or nolo contendere in a misdemeanor case all elements of the offense charged are admitted and the court is not required to hear evidence to support the plea. This rule was rejected in *Isam* in order to provide the same protection in misdemeanor guilty or nolo contendere plea cases as in felony cases with similar pleas. This was necessary because in a felony case a guilty plea

does not work such a forfeiture because of the requirements of Article 1.15 of the Code of Criminal Procedure that evidence *must* be presented to support a plea in a felony case. TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon 1977). Thus the felony/misdemeanor distinction in *Isam* was to provide parity in this area and to equally encourage guilty pleas. Thus despite their pleas of guilty to misdemeanor charges, the defendants in *Isam* were held to be entitled to appeal their adverse ruling on their motions to suppress.

Although it is true that appellant was charged with a misdemeanor as opposed to a felony, it is not true that *Isam* obviates the requirement that proof of a plea bargain is necessary to appeal a motion to suppress in a misdemeanor case when a plea of guilty or nolo contendere is entered. Article 44.02 of the Code of Criminal Procedure provides for the appeal of written motions filed prior to trial when a defendant enters a plea of either guilty or nolo contendere, and such plea is pursuant to an implemented plea bargain. TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Absent proof of a plea bargain in the record which was honored by the trial court, Article 44.02 is not triggered and the *Helms* rule still applies. *See, e.g., Broddus v. State,* 693 S.W.2d 459, 460–61 (Tex.Crim. App.1985) (en banc); *Christal v. State,* 692 S.W.2d 656, 658–59 (Tex.Crim.App.1985) (Opinion on Motion for Rehearing). Thus the distinction urged by appellant as articulated in *Isam* in no way affects the threshold requirement that to trigger review under Article 44.02, there must be proof in the record of an implemented plea bargain. This requirement continues to be the key to review under Article 44.02—even in misdemeanor cases. *McGlynn v. State,* 704 S.W.2d 18, 20 (Tex.Crim.App.1982) (Opinion on State's Motion for Rehearing).

Appellant's remaining grounds of error in his motion for rehearing challenge our finding that the record does not disclose proof of an implemented plea bargain adequate to preserve error. As we continue to be of the opinion that the record does not disclose proof of such a plea bargain, we reaffirm our conclusion that under the *Helms* rule appellant has preserved nothing for review. Accordingly, appellant's motion for rehearing is denied.