**Rogelio REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–296–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 16, 1988.

Aaron L. Pena, Pena, McDonald, Prestia & Ibanez, Edinburg, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

After a plea of nolo contendere, the trial court convicted appellant of aggravated possession of marihuana and sentenced him to thirty-five years in the Texas Department of Corrections.

■ Appellant brings two points of error challenging the trial court's denial of his motion to suppress the marihuana taken from the vehicle which he was driving. However, it is a well-established rule that *where there is no plea bargain,* a valid plea of guilty or nolo contendere waives all non-jurisdictional defects, including claimed deprivations of federal and state constitutional rights; therefore, it is error for a trial court to accept a plea of guilty or nolo contendere which is conditional upon the appellant's being able to appeal non-jurisdictional points raised at trial. *E.g., Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex. Crim.App.1987); *Wooten v. State,* 612 S.W. 2d 561, 563 (Tex.Crim.App.1981).

■ Thus, as the State correctly points out, the real issue before this Court is whether appellant's plea of nolo contendere was valid or if it was entered into with an

agreement or understanding that he could appeal the merits of his pre-trial motion to suppress. No specific assignment of error need be made for this Court to reverse appellant's conviction where the record shows that an impermissibly conditional plea of guilty has been entered. *Christal v. State,* 692 S.W.2d 656, 656 n. 2 (Tex. Crim.App.1985); *Crawford v. State,* 624 S.W.2d 906, 909 (Tex.Crim.App.1981).

■ After reviewing the record, we find that appellant's plea of nolo contendere was indeed conditioned upon his ability to appeal the trial court's rulings on appellant's motion to suppress evidence. After an unfavorable ruling at the suppression hearing, appellant pled nolo contendere. The trial court thoroughly admonished appellant of the consequences of his plea and elicited assurances from him that he was not making his plea pursuant to any agreement or plea bargain. The State then moved to have several exhibits introduced into evidence. In the discussion which followed, the defense counsel stipulated that the exhibits were proper but he was reserving the right not to waive the two objections appellant had to the admissibility of the evidence concerning an illegal search and seizure. The trial judge responded that he understood and then admitted the exhibits. Later, when the trial court was sentencing appellant, once again defense counsel pointed out that appellant was planning to appeal on the suppression items. The trial court replied, "So noted."

Obviously, the trial court, the defense counsel, and the prosecutor were all laboring under the assumption that appellant could appeal the court's suppression ruling. Thus, appellant's nolo contendere plea was involuntary and could not be accepted by the trial court under Texas law. *See Shallhorn,* 732 S.W.2d at 637; *Wooten,* 612 S.W.2d at 563-64.

The judgment of the trial court is REVERSED and REMANDED. Appellant must be given an opportunity to replead.