**Jimmy Randolph STUDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–01108–CR.**

Court of Appeals of Texas, Dallas.

Aug. 24, 1988.

Discretionary Review Granted Dec. 7, 1988.

B.W. Cruce, Jr., Mesquite, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEPHENS, HECHT and KINKEADE, JJ.

HECHT, Justice.

The dispositive issue in this case is whether an information which fails to allege recklessness in compliance with article 21.15, Texas Code of Criminal Procedure, confers jurisdiction upon the trial court. We hold that it does.

The issue arises in this context. Jimmy Randolph Studer pleaded nolo contendere to the charge of indecent exposure. The trial court assessed his punishment at 30 days' confinement probated for six months, and a $300 fine. In a single point of error Studer complains that the information upon which he was convicted is fatally defective.

We agree with Studer that the information in this case is defective. The information alleges that Studer:

did unlawfully ... intentionally and knowingly expose his genitals to ... complainant, with intent to arouse and gratify the sexual desire of [Studer], and [Studer] acted recklessly and in conscious disregard of whether another per-

son was present who would be offended and alarmed by such act. . . .

Article 21.15, Texas Code of Criminal Procedure Annotated (Vernon Supp.1988) requires:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

The information against Studer does not meet the requirements of article 21.15 because it does not "allege, with reasonable certainty, the act or acts relied upon to constitute recklessness". The information is therefore defective. *See R.M.G. v. State,* 711 S.W.2d 397 (Tex.App.—Dallas 1986), *aff'd sub nom. Gengnagel v. State,* 748 S.W.2d 227, 230 (Tex.Crim.App.1988).

■ However, a defendant who voluntarily and understandingly pleads nolo contendere cannot appeal nonjurisdictional defects or errors that occurred prior to the plea, at least without complying with Texas Code of Criminal Procedure article 44.02 or Texas Rule of Appellate Procedure 40(b)(1).[1] *See Wheeler v. State,* 628 S.W.2d 800, 802 (Tex.Crim.App.1982); *Helms v.*

*State,* 484 S.W.2d 925 (Tex.Crim.App.1972); *Crump v. State,* 711 S.W.2d 56 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (*Helms* rule applies in misdemeanor cases). Studer does not meet the requirements of article 44.02 or rule 40(b)(1). Thus, if the defect in the information is nonjurisdictional, he has waived it and cannot prosecute this appeal. Only if the defect is jurisdictional is Studer entitled to have his conviction reversed.

Whether the defect is jurisdictional depends upon the proper construction of recently amended article V, section 12 of the Texas Constitution, and recently enacted article 1.14(b) of the Texas Code of Criminal Procedure. In November 1985, the people of Texas voted to amend article V, section 12 of the Texas Constitution to state:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Article 1.14(b), Texas Code of Criminal Procedure Annotated (Vernon Supp.1988), was enacted by the Legislature in 1985 to take

---

1. Article 44.02 sets certain restrictions on appeals after pleas of guilty or nolo contendere in both felony and misdemeanor cases. That portion of article 44.02 was repealed by the court of criminal appeals in promulgating the Texas Rules of Appellate Procedure, ostensibly to be replaced by similar restrictions in new rule 40(b)(1). However, those restrictions in rule 40(b)(1) appear to apply only to pleas of guilty or nolo contendere under article 1.15 of the Texas Code of Criminal Procedure, which covers only felony cases. The argument can therefore be made that the limits on appeal after pleas of guilty and nolo contendere under rule 40(b)(1), unlike article 44.02, apply only to felony cases. If that argument were correct, the question would remain whether the restrictions on appeals in misdemeanor cases in 44.02 survive its repeal. The repealer was not restricted.

However, the court's power to repeal in connection with its rulemaking power granted by the Legislature does not allow it to "abridge, enlarge, or modify the substantive rights of a litigant." TEX.GOV'T CODE ANN. § 22.108 (Vernon 1987). Arguably, a repeal of all limitations on appeals in misdemeanor cases after pleas of guilty or nolo contendere affects the substantive rights of litigants and therefore exceeds the power of the court of criminal appeals.

We need not resolve this rather difficult issue in this case. Studer does not meet the requirements of either rule 40(b)(1) or article 44.02. Thus, if either applies, Studer's position is not affected. If neither applies, Studer's appeal is, as we note, subject to the *Helms* rule. Therefore, the result in this case does not depend upon a resolution of the issue we have noted, and accordingly, none is attempted.

effect upon the voters' approval of the constitutional amendment. *See* Act of June 13, 1985, ch. 577, § 3, 1985 Tex.Gen. Laws 2196, 2197. Article 1.14(b) states:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

■ The plain language of article 1.14(b) makes all charging defects, both substantive and formal, waivable. *See Shaw v. State*, 728 S.W.2d 889, 890 (Tex.App.—Houston [1st Dist.] 1987, no pet.); Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 Baylor L.Rev. 1, 36 n. 131 (1986). There yet remains, however, some constitutional limit upon the Legislature's power to make defects in charging instruments waivable. Specifically, an instrument so defective that it does not charge "a person with the commission of an offense" is not a charging instrument under article V, section 12 of the constitution, presentment of which invests a court with jurisdiction. It seems doubtful that such a defect could be waived. One commentator has stated the issue thusly:

> The terms of amended article V, section 12 relegate to the legislature control over "practice and procedure relating to the use" of charging instruments and "contents, amendment, sufficiency, and requisites" of those documents. A trial court is not to be regarded as lacking jurisdiction if a charging instrument is presented to it. But all of these provisions use the terms "indictments" and "informations."
>
> These terms are, in turn, defined by the first two sentences of the new paragraph. The definition of each requires that an instrument be one "charging a person with the commission of an offense" in order to constitute an indictment or information. In the terminology generally used in such discussions, an instrument charges a person with a giv-

en offense only if it sets out specific factual allegations that, if proven, would constitute the offense. A trial court has jurisdiction then only upon the filing of a charging instrument which charges an offense, that is, which alleges facts constituting an offense. The legislature can provide by law for various aspects of charging instrument content and practice, but it cannot change the constitutional requirement that a charging instrument so charge an offense.

Dix, *supra* at 40; *see also Aylor v. State*, 727 S.W.2d 727, 730 (Tex.App.—Austin 1987, no pet.).

■ The issue is whether the constitutional definition of a charging instrument—"charging ... an offense"—is to be read technically or practically. The same commentator quoted above argues that a reasonable assumption should be made that the drafters of the constitutional amendment did not intend the phrase "charging ... an offense" to have its technical, legal meaning, but rather:

> It is possible and preferable, and more likely consistent with electoral understanding, to define "charging ... an offense" as requiring only that the instrument make reasonably clear what criminal offense the grand jury intended. If this can be ascertained from the instrument, it should be regarded as an indictment or information. Presentment of it should give the trial court jurisdiction.

Dix, *supra* at 43. We agree with this reasoning.

■ In the instant case, the information, as we have noted, alleges that Studer acted "recklessly" but fails to allege sufficient facts to constitute recklessness. Defective and vulnerable to a motion to quash, the information nevertheless alleges with reasonable specificity the elements of the offense of indecent exposure:

> A person commits an offense is he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is

present who will be offended or alarmed by his act.

TEX.PEN.CODE ANN. § 21.08(a) (Vernon 1974). Although technically defective, the information was sufficient to charge Studer with an offense and thus vested the trial court with jurisdiction.

We conclude that the defect in the information of which Studer complains on appeal was nonjurisdictional and therefore waived by his plea of nolo contendere. Studer's point of error must accordingly be overruled, and his conviction affirmed.