**Ricardo AVILA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00591–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1990.

Karen A. Crouch, San Antonio, for appellant.

Fred G. Rodriguez, Sigrid Chase, Maria Teresa Herr, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant Ricardo Avila appeals his conviction before the trial court for the offense of driving while intoxicated. Appellant's punishment was set at 15 days incarceration (probated), a $300.00 fine, and court costs.

Pursuant to appellant's motion to suppress intoxilyzer evidence, the trial court held a pretrial hearing and denied the motion. Thereafter, appellant plead "guilty" to the offense as charged.

The dispositive issue before this court is whether the appellant has waived his right to appeal the trial court's denial of his motion to suppress under these circumstances. We hold appellant has waived his right and affirm the conviction.

It is axiomatic that the appellant has the burden of presenting to this court a record that establishes the error complained of, and this court is bound by the record before it. *Hale v. State*, 509 S.W.2d 637 (Tex.Crim.App.1974).

Additionally, when a defendant enters a plea of guilty in a misdemeanor case, he admits every element of the offense; the court then may assess punishment with or without evidence, and there can be no question of the sufficiency of evidence. *Ex Parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim.App.1986).

In *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), the Texas Court of Criminal Appeals established the general rule that a plea of guilty or nolo contendere waives all nonjurisdictional errors. However, the *Helms* rule does not apply under the provisions of rule 40(b)(1) of the Texas Rules of Appellate Procedure, which replaced repealed article 44.02 of the Texas Code of Criminal Procedure, if the plea was entered pursuant to article 1.15 of the Texas Code of Criminal Procedure, there was a plea bargain agreement, the error was raised in written pretrial motion, and the notice of appeal states that the trial court granted permission to appeal or specifies that those matters were raised by written motion and ruled on before trial. TEX.R. APP.P.ANN. 40(b)(1); TEX.CODE CRIM. PROC.ANN. art. 1.15 (Vernon 1977).

Article 1.15 of the Texas Code of Criminal Procedure, however, commences "No person can be convicted of a felony...." and clearly applies to guilty pleas in felony prosecutions. Art. 1.15, *supra*. As a consequence, one court of appeals has concluded that since rule 40(b)(1) does not apply to misdemeanor cases, the *Helms* rule applies; by entering a plea of guilty in a misdemeanor case, an accused waives his right to appeal the trial court's denial of his motion to suppress. *Collins v. State*, 795 S.W.2d 777 (Tex.App.—Austin 1990). The question, nevertheless, is raised that if 40(b)(1)

only applies to felonies, what has happened to the substantive rights of litigants in misdemeanor cases under former art. 44.-02?

In a recent case, the Dallas Court of Appeals likewise recognized that rule 40(b)(1) appears to apply only to felony cases, but suggested that "[a]rguably, a repeal of all limitations on appeals in misdemeanor cases after pleas of guilty or nolo contendere affects the substantive rights of litigants and therefore exceeds the power of the court of criminal appeals." *Studer v. State,* 757 S.W.2d 107, 109 (Tex. App.—Dallas 1988, *pet. granted on other grounds*). The court reasoned that "the [Court of Criminal Appeal's] power to repeal in connection with its rulemaking power granted by the Legislature does not allow it to 'abridge, enlarge, or modify the substantive rights of a litigant'. TEX. GOV'T CODE ANN. § 22.108 (Vernon 1987)." *Studer,* 757 S.W.2d at 109.

 Unless there are jurisdictional defects alleged in the conviction, under former article 44.02, V.A.C.C.P., a misdemeanor defendant who pleads guilty or nolo contendere, may complain on appeal of rulings on pretrial motions only when the record reflects that there was a plea bargain agreement, and that the plea was made with the understanding that the defendant was not waiving, for appellate review purposes, the adverse ruling of the trial court on his pretrial motion. *Dees v. State,* 676 S.W.2d 403, 404 (Tex.Crim.App. 1984).

The record here reflects the following: no statement of facts as to the plea; no evidence that the trial court granted permission to appeal as provided for under former article 44.02, V.A.C.C.P. and its replacement, TEX.R.APP.P. 40(b)(1); no evidence that there was a "plea bargain", also as provided for under article 44.02 and rule 40(b)(1); and no notice of appeal "stat[ing] that the trial court granted permission to appeal" or "specify[ing] that those matters were raised by written motion and ruled on before trial" as required by rule 40(b)(1).

On appeal the appellant does not contend and the record fails to disclose that this appeal involves a jurisdictional error, that the trial court granted permission to appeal the plea, that there was a plea bargain agreement, that the statement of facts was unavailable, or that there was an understanding that the plea was to be entered conditionally upon appellant's right to appeal the pretrial ruling of the court. Appellant merely contends on appeal that the trial court erred in denying the motion to suppress the intoxilyzer evidence on constitutional grounds because of 1) the separation of powers, 2) improper notice, 3) unreliability, 4) failure to require multiple tests, and 5) failure to preserve the specimens.

Thus, the appellant has failed in his burden of either contending or presenting a record which invokes the provisions of either former article 44.02, V.A.C.C.P. or it replacement, TEX.R.APP.P. 40(b)(1). Therefore, the *Helms* rule applies, and the appellant has waived all nonjurisdictional errors. The complaint is rejected.

The judgment of the trial court is affirmed.