**Gary Richard DODDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00590–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 21, 1990.

Jose Luis Soria, San Antonio, for appellant.

Fred G. Rodriguez, Tessa Herr, Dennis Peery, Laura M. Hubert, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellant Gary Richard Dodds, appeals a conviction for the misdemeanor offense of possession of marijuana, two ounces or less. The court assessed a punishment of 20 days in jail. After appellant's motion to suppress was denied, he plead guilty to the offense.

The critical issue before this court is whether the appellant has waived his right to appeal the trial court's denial of his motion to suppress under these circumstances. TEX.R.APP.P. 90. We hold that appellant has, but because appellant's plea was involuntary, we reverse the judgment.

■ An appellant has the burden of presenting to this court a record that establishes the error complained of, and this court is bound by the record before it. *Hale v. State*, 509 S.W.2d 637, 637 (Tex. Crim.App.1974).

■ When a defendant enters a plea of guilty in a misdemeanor case, he admits every element of the offense; the court may assess punishment with or without evidence, and thus, there can be no ques-

tion of the sufficiency of evidence. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim.App.1986).

■ In *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), the Texas Court of Criminal Appeals established the general rule that a plea of guilty or nolo contendere waives all nonjurisdictional errors. However, the *Helms* rule does not apply under the provisions of rule 40(b)(1) of the Texas Rules of Appellate Procedure, which replaced *repealed* article 44.02 of the Texas Code of Criminal Procedure, if the plea was entered pursuant to article 1.15 of the Texas Code of Criminal Procedure, there was a plea bargain agreement, the error was raised in written pretrial motion, and the notice of appeal states that the trial court granted permission to appeal or specifies that those matters were raised by written motion and ruled on before trial. TEX.R. APP.P. 40(b)(1); TEXAS.CODE CRIM. PROC.ANN. art. 1.15 (Vernon 1977).

However, article 1.15, *supra*, commences "No person can be convicted of a felony...." and clearly applies to guilty pleas in felony prosecutions. As a consequence, one court of appeals has concluded that since rule 40(b)(1) does not apply to misdemeanor cases, the *Helms* rule applies; by entering a plea of guilty in a misdemeanor case, an accused waives his right to appeal the trial court's denial of his motion to suppress. *Collins v. State*, 795 S.W.2d 777 (Tex.App.—Austin 1990).

In *Studer v. State*, the Dallas Court of Appeals also recognized that rule 40(b)(1) appears to apply only to felony cases, but suggested that "[a]rguably, a repeal of all limitations on appeals in misdemeanor cases after pleas of guilty or nolo contendere affects the substantive rights of litigants and therefore exceeds the power of the court of criminal appeals." *Studer v. State*, 757 S.W.2d 107, 109 n. 1 (Tex.App.— Dallas 1988, pet. granted). The court reasoned that "the [Court of Criminal Appeal's] power to repeal in connection with its rulemaking power granted by the Legislature does not allow it to 'abridge, enlarge, or modify the substantive rights of a litigant.' TEX.GOV'T CODE ANN.

§ 22.108 (Vernon 1987)." *Id.* However, the court nevertheless found that the appellant did "not meet the requirements of article 44.02 or rule 40(b)(1)" and since the complaint was nonjurisdictional, because of the *Helms* rule, the appellant waived his right to prosecute the appeal. *Id.*

In *Yates v. State*, 759 S.W.2d 949, 950 (Tex.App.—Dallas 1988, no pet.), it was held that "the proviso of rule 40(b)(1) has no application in this case" because it only applies to felony cases. Completely failing to address the *Helms* rule the court simply accepted jurisdiction and considered the complaint. *Id.*

Nevertheless, the court in *Yates* recognized that TEX.CODE CRIM.PROC.ANN. art. 27.14(a) (Vernon Supp.1988) permits the trial court to assess punishment in a misdemeanor case without hearing any evidence when a plea of guilty of nolo contendere is made in a bench trial. *Id.* Citing *Mitchell v. State*, 586 S.W.2d 491, 495 (Tex. Crim.App.1979) (op. on appellant's motion for reh'g), the *Yates* court further held that the appellant must demonstrate harm by presenting a record which reflects that the evidence sought to be suppressed was later used against him to determine his guilt. *Id.* Since the appellant in *Yates* failed to present such a record, and because the court could impose punishment without any evidence under the circumstances, the point was overruled and the judgment affirmed. *Id.*

■ In the instant case, the record reflects that no evidence was presented either by the State or by stipulation as required by art. 1.15, *supra;* no evidence was presented that the trial court granted permission to appeal as provided for by rule 40(b)(1), *supra;* no showing was made that the evidence sought to be suppressed was later used against the appellant to demonstrate harm as required by *Mitchell*, 586 S.W.2d at 495, and; the notice of appeal failed to "state that the trial court granted permission to appeal" or to "specify that those matters were raised by written motion *and ruled on before trial*" as required by rule 40(b)(1) (emphasis added). Therefore, appellant has failed to provide a

record which presents an exception to the *Helms* rule, and appellant has, therefore, waived all nonjurisdictional errors.

 However, the record clearly reflects that the court, State, and the appellant understood that the plea of guilty was conditioned on the appellant being able to appeal the denial of his motion to suppress. Thus, the plea was entered involuntarily, and under these circumstances, the judgment must be reversed and remanded to the trial court for a new trial. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App. 1985); *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App.1985).