OPINION
DAY, Justice.
Burton John Valanty appeals his conviction for the offense of driving while intoxicated. After trial to the jury, he was convicted, and the court sentenced him to 90 days incarceration, probated for two years, and a $300.00 fine.
In his sole point-of error, Valanty complains that the trial court erred in denying his challenge for cause of a venireman (Mr. Poole) who revealed a predisposition to believe police officers. As he has presented on appeal an incomplete record of the voir dire proceedings, we must overrule this contention.
The record shows that Valanty timely filed his designation of the record, requesting the entire voir dire, closing arguments, and other sections of testimony. However, the documents necessary to docket the case were not processed timely, and upon his motion, this court granted him additional time (until March 5, 1991) to file the statement of facts and the transcript. Apparently, Valanty then amended his request to include only a partial statement of facts. This limitation was never communicated to this court or to the State. The remainder of the statement of facts has never been filed, and the only record on appeal is a partial transcription of defendant’s voir dire examination.
An appellant has the burden of presenting to this court a record sufficient to establish the error complained of, and this court is bound by the record so presented. TEX.R.APP.P. 50(d); Hale v. State, 509 S.W.2d 637 (Tex.Crim.App.1974); Dodds v. State, 801 S.W.2d 210 (Tex.App.—San Antonio 1990, no pet.). No designation of a partial appeal was filed. See TEX. R.APP.P. 53(d).
*807 It is well settled that complaints as to voir dire error cannot be reviewed in the absence of a transcription of the complete voir dire examination. See, e.g., Burkett v. State, 516 S.W.2d 147, 150 (Tex.Crim.App.1974); Graves v. State, 513 S.W.2d 57, 62 (Tex.Crim.App.1974) (prosecutor’s allegedly improper remarks not error absent entire record of voir dire); Magee v. State, 504 S.W.2d 849, 852 (Tex.Crim.App.1974) (cannot determine whether juror improperly concealed bias in absence of entire record of voir dire); Guerrero v. State, 487 S.W.2d 729, 731 (Tex.Crim.App.1972) (whether court erred in refusing to excuse five veniremen who allegedly showed bias cannot be determined in absence of transcription of voir dire); Reed v. State, 751 S.W.2d 607, 610 (Tex.App.—Dallas 1988, no pet.).
In the similar case of Burkett v. State, supra, the Court of Criminal Appeals held that as the whole of the examination was not before them, they were unable to ascertain whether the questions refused were anything more than a restatement of what was actually asked. We are therefore unable to ascertain whether the appellant was injured by the action of the trial court. The record before the court in that case showed only that portion of the voir dire of the jury panel in which the question is asked, objection made, and the asking of the question denied. Likewise, in this case, we are unable to ascertain whether Mr. Poole was subsequently rehabilitated, or how this alleged error appeared in light of the entire examination of Mr. Poole. As a review of the trial court's decision regarding a challenge for cause upon a venireperson is focused upon the entire voir dire interrogation of the challenged juror, we are unable to determine whether the challenge for cause was properly denied. Clark v. State, 717 S.W.2d 910, 915 (Tex.Crim.App.1986), cert. denied, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); Brandley v. State, 691 S.W.2d 699, 705 (Tex.Crim.App.1985), rev’d on other grounds sub nom., Ex parte Brandley, 781 S.W.2d 886 (Tex.Crim.App.1989); Anderson v. State, 633 S.W.2d 851, 854 (Tex.Crim.App. [Panel Op.] 1982).
We are, of course, aware of the recent decision of Zule v. State, 820 S.W.2d 801 (Tex.Crim.App.1991). In that case, the court held that the Corpus Christi Court of Appeals should have supplemented the appellate record on its own motion upon a showing that neither party knew that a designated exhibit (a videotape) was missing from the record.
However, here, Valanty knew the record was incomplete. He filed a motion for extension of time to file a complete record, and yet later sought to limit the record on appeal. As no additional record was filed, and since Valanty knew of the incomplete record, there can be no error preserved in the sketchy and incomplete record this court has received.
The judgment of the trial court is affirmed.