**Tabtha R. LYNCH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–064–CR.**

Court of Appeals of Texas, Fort Worth.

July 6, 1995.

Charles Baldwin, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of the Appellate Section, and Debra Ann Windsor and Richard Salamy, Asst. Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., and LIVINGSTON and PATRICE M. BARRON (Former Justice), (Sitting by Assignment), JJ.

## OPINION

CAYCE, Chief Justice.

Tabtha R. Lynch appeals from her misdemeanor conviction for driving with a suspended license. After she entered an open plea of guilty with no plea bargain agreement, Lynch gave the judge notice of her intent to appeal the judge's denial of her motion to suppress evidence. The judge granted Lynch permission to prosecute the appeal upon the filing of a written notice and sentenced her to three days in jail and a $100.00 fine. In this appeal, Lynch raises two points of error challenging the denial of her motion to suppress evidence. For the reasons stated below, we reverse the judgment of the trial court and remand the case to the trial court for a new trial without reaching Lynch's points of error.

The first question we must address in this appeal is the State's contention that Lynch waived all nonjurisdictional error because she entered a guilty plea with no plea bargain agreement.

█ As the State correctly points out, the law provides that *where there is no plea bargain* and a plea of guilty or nolo contendere is voluntarily made, all nonjurisdictional error occurring prior to the entry of the plea is waived. *Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App.1994); *see also Larson v. State*, 759 S.W.2d 457, 459 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (applying rule to denial of motion to suppress), *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989). This principle has its origins in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). In *Helms*, the court of criminal appeals held that a defendant who voluntarily and understandingly enters a plea of guilty or nolo contendere waives all nonjurisdictional defects, including any claimed deprivation of federal due process. *Id.* at 927; *see Soto v. State*, 456 S.W.2d 389, 390 (Tex. Crim.App.1970), *cert. denied*, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971); *Fierro v. State*, 437 S.W.2d 833, 834 (Tex.Crim.App. 1969); *see also Anderson v. State*, 118 Tex. Crim. 194, 194, 42 S.W.2d 1012, 1012 (1931) ("the entry of the [guilty] plea, after due admonition, is conclusive of guilt, unless the

evidence introduced upon the trial makes manifest the innocence of the accused").

The "*Helms* rule" was abrogated in part by the 1977 proviso added to Tex.Code Crim. Proc.Ann. art. 44.02 (Vernon 1979). This amendment allowed the right to appeal non-jurisdictional error occurring prior to a plea of guilty or nolo contendere where (1) there is a negotiated recommendation as to punishment, and (2) the punishment actually assessed does not exceed the recommendation. *Larson,* 759 S.W.2d at 459.

In 1986, the proviso of article 44.02 was carried forward in the notice of appeal provisions of Tex.R.App.P. 40(b)(1). The pertinent part of this rule provides as follows:

> (1) Appeal is perfected in a criminal case by giving timely notice of appeal.... Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

*Id.* The only difference between the proviso of former article 44.02 and Rule 40(b)(1) is the rule's reference to "Article 1.15, Code of Criminal Procedure." *Id.*

Two of our sister courts have concluded that the reference in Rule 40(b)(1) to article 1.15 of the Code of Criminal Procedure, which deals only with *felony* pleas, was intended to allow appeals from *misdemeanor* convictions in the absence of a plea bargain, making the *Helms* rule inapplicable to misde-

meanor appeals. In *Yates v. State,* 759 S.W.2d 949 (Tex.App.—Dallas 1988, no pet.), the Fifth Court of Appeals addressed the question of whether it had "jurisdiction" to hear an appeal from the denial of a motion to suppress preceding an open plea of nolo contendere to the misdemeanor offense of unlawfully carrying a weapon. The State argued that the court lacked jurisdiction because there was no showing that the trial court granted permission to appeal, or that the matters raised in the appeal were presented by written motion and ruled on by the trial court pursuant to Rule 40(b)(1) of the Rules of Appellate Procedure. The court in *Yates* held that the limitation of Rule 40(b)(1) has no application to misdemeanor appeals because the rule references article 1.15 of the Code of Criminal Procedure. *Id.* at 949–50.

The Fourteenth Court of Appeals reached a similar conclusion in *Salazar v. State,* 773 S.W.2d 34 (Tex.App.—Houston [14th Dist.] 1989, no pet.). After undertaking a painstaking analysis of Rule 40(b)(1) and former article 44.02, the court concluded that the reference in Rule 40(b)(1) to the felony provisions of article 1.15 of the Code of Criminal Procedure was intended to permit appeals from misdemeanor convictions, notwithstanding the absence of a plea bargain. The *Salazar* court reasoned:

> [T]he face of Rule 40(b)(1) shows that it applies only to pleas of guilty or nolo contendere "pursuant to Article 1.15, Code of Criminal Procedure," which, in turn, applies only to a felony case. Accordingly, the limitation of Rule 40(b)(1) does not affect appellant's right to appeal his misdemeanor conviction.

*Id.* at 35.[1]

In an opinion issued less that two months before *Yates,* a different panel of the Fifth Court of Appeals reached an entirely opposite result. *See Studer v. State,* 757 S.W.2d 107 (Tex.App.—Dallas 1988), *aff'd,* 799 S.W.2d 263 (Tex.Crim.App.1990). Writing

---

**1.** In a decision handed down three years earlier, the same panel concluded that the *Helms* rule applies "with equal force" to pleas of nolo contendere to misdemeanor offenses in the absence of a plea bargain, as it does to non-negotiated felony pleas. *Crump v. State,* 711 S.W.2d 56, 57 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (op. on reh'g). This apparent conflict with the holding in *Yates* may be explained by the fact that *Crump* predated the September 1, 1986 effective date of Tex.R.App.P. 40(b)(1).

for the *Studer* panel, Justice Nathan Hecht concluded that where a defendant pleaded nolo contendere to the misdemeanor offense of indecent exposure without a plea bargain, an asserted defect in the information upon which the prosecution was based was nonjurisdictional and that he, therefore, waived his right to appeal the alleged error. *Id.* at 111. In a footnote, Justice Hecht recognized that the defendant in *Studer* met neither the requirements of Rule 40(b)(1) nor of article 44.02, and held that if neither provision applies because of the language in Rule 40(b)(1) then the *Helms* rule applied. *Id.* at 109 n. 1.

We believe *Yates* and *Salazar* were incorrectly decided and that *Studer* follows the better reasoned view.

In order to entertain the appeal in this case, we would be required to conclude that, by its adoption of Rule 40(b)(1), the court of criminal appeals intended to create an unfettered right of appeal from misdemeanor convictions, elevating the appellate rights of those convicted of misdemeanors to a higher level than rights of those convicted of felony offenses. This illogical result is unsupported in the law.

▮ Neither Rule 40(b)(1) nor its predecessor statute article 44.02 abrogates the application of the *Helms* rule to pleas of guilty or nolo contendere entered in the absence of a plea bargain. In *King v. State,* 687 S.W.2d 762, 765 (Tex.Crim.App.1985), the court of criminal appeals held that where there is no plea bargain, the appellate procedure for pleas of guilty and nolo contendere "is not changed by the 1977 amendment to Article 44.02 ... the *Helms* line of cases still applies." *Id.* Similarly, we do not believe that "by what is likely an inadvertent stroke of the pen in mentioning only Tex.Code Crim. Proc.Ann. art. 1.15 in Rule 40(b)(1)," the court of criminal appeals intended to "throw wide [open] the appellate door for those convicted of misdemeanors" by reversing the *Helms* line of cases that hold a plea of guilty

or nolo contendere to a misdemeanor offense is conclusive upon the facts and waives all nonjurisdictional error.[2] *Salazar,* 773 S.W.2d at 38 (Brown, C.J., concurring).

Furthermore, we believe it is significant that the pertinent part of Rule 40(b)(1) speaks only in terms of the *procedure* for giving notice to appeal a conviction based on a negotiated plea. The rule does not purport to affirmatively grant or restrict any *substantive* right of appeal. As Justice Hecht noted in *Studer,* the court of criminal appeals' power to repeal, in connection with its rule-making power granted by the legislature, does not allow it to "abridge, enlarge, or modify the substantive rights of a litigant." *Studer,* 757 S.W.2d at 109 n. 1 (citing Tex.Gov't Code Ann. § 22.108(a) (Vernon 1988)). Therefore, Rule 40(b)(1) cannot be construed as enlarging the right to appeal misdemeanor convictions. *See Salazar,* 773 S.W.2d at 38–39 (Brown, C.J., concurring). To so hold would be a substantive enlargement of the rights of a litigant in violation of Tex.Gov't Code Ann. § 22.108(a).

We hold that the *Helms* rule still applies to pleas of guilty and nolo contendere to misdemeanor offenses *in the absence of a plea bargain.* Applying this holding to the facts of the instant case, Lynch had no right to appeal the denial of her motion to suppress because there was no plea bargain.

In a case such as this we would ordinarily affirm the conviction on the ground that the defendant waived all nonjurisdictional error occurring prior to the plea of guilty. However, the record indicates that Lynch, her attorney, and the trial judge "were laboring under the false impression" that Lynch had the right to appeal the alleged error. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim. App.1987).

The record reflects that prior to the entry of the guilty plea, the following exchange occurred between Lynch and the judge:

**2.** *See, e.g., Lemmons v. State,* 818 S.W.2d 58, 60 (Tex.Crim.App.1991); *Dees v. State,* 676 S.W.2d 403, 404 (Tex.Crim.App.1984); *Kass v. State,* 642 S.W.2d 463, 466 (Tex.Crim.App.1982) (op. on reh'g); *Craven v. State,* 613 S.W.2d 488, 489 (Tex.Crim.App. [Panel Op.] 1981); *Utsman v. State,* 485 S.W.2d 573, 574–75 (Tex.Crim.App. 1972); *Hahn v. State,* 852 S.W.2d 627, 629 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Wilson v. State,* 811 S.W.2d 700, 702 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd); *Dodds v. State,* 801 S.W.2d 210, 212 (Tex.App.—San Antonio 1990, no pet.); *Avila v. State,* 796 S.W.2d 294, 296 (Tex.App.—San Antonio 1990, no pet.).

THE COURT: There's been no plea bargain in this case.... What I understand is about to occur, in just a moment I'm going to ask you for your plea. It's my understanding you're going to enter a plea of guilty and, based upon what I hear, you're going to ask that I assess punishment in the case; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: The record will also reflect that there has been a Motion to Suppress filed in this case and we had a hearing on it. The Court denied Miss Lynch's Motion to Suppress. Mr. Baldwin will have some comments for the record before the plea is entered—after the plea is taken, and the Court does intend to grant Mr. Baldwin permission to pursue an appeal of the Court's denial of his Motion to Suppress.

Is the Defense ready to proceed in this case?

MR. BALDWIN: Yes, Your Honor.

THE COURT: Is the State ready to proceed in this case?

MR. SALAMY: Yes, Your Honor.

Immediately following these admonishments, Lynch pleaded guilty. The judge accepted the plea and found her guilty. The following then occurred:

MR. BALDWIN: Your Honor, at this time, we would like to give notice of appeal of the Defendant's—the Court's denial of *our Motion to Suppress.* We would like to point out this was an open plea with no plea bargain agreement and in accordance with [Rule] 40(b)(1), we would like the Court's permission and we would like to give notice of appeal on the suppression issue that is here before the Court today.

THE COURT: The Court will grant you permission for that appeal. The Court understands that you also intend to follow up your oral motion for appeal with a written motion.

MR. BALDWIN: I do.

In view of the apparent assumption on the part of the judge and Lynch's attorney that Lynch could appeal the denial of her motion to suppress, we are compelled to find that Lynch's plea was not entered voluntarily or knowingly.[3] *Id.* at 637.

The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial. Having remanded the case for a new trial on the grounds stated herein, we do not reach the merits of Lynch's claims that the judge erred in denying her motion to suppress.

---

3. Although the voluntariness of Lynch's guilty plea was not raised as a point of error on appeal, we are compelled to address the issue because it is of "constitutional due process dimension."

*Christal v. State,* 692 S.W.2d 656, 656 n. 2 (Tex. Crim.App. [Panel Op.] 1981); *see Reyes v. State,* 752 S.W.2d 734, 734–35 (Tex.App.—Corpus Christi 1988, no pet.).