**Michael ROBUCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–97–00239–CR.**

Court of Appeals of Texas,
San Antonio.

May 13, 1998.

Rehearing Overruled June 29, 1998.

---

rights of a litigant." *Id.; see also Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996)(discussing continued applicability of *Helms* rule to open or non-negotiated pleas after enactment of rule 40(b)(1)).

Roy R. Barrera, Sr., Sharon S. Brown, Nicholas & Barrera, P.C., San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before STONE, DUNCAN and PRESTON H. DIAL,[1] JJ.

## OPINION

PRESTON H. DIAL, Justice (Assigned).

Appellant, Michael Robuck ("Robuck"), appeals the trial court's order, deferring his adjudication for misdemeanor possession of marihuana and placing him on community supervision. Robuck raises five points of error directed at the trial court's ruling on his pre-trial motion to suppress. We reverse the trial court's judgment and remand the cause for a new trial without addressing the merits of Robuck's complaints.

In its brief, the State notes that a division in authority exists among the courts of appeal regarding whether nonjurisdictional defects, such as the denial of a motion to suppress, are waived by application of the *Helms*[2] rule in misdemeanor cases where the defendant enters a plea of guilty or nolo contendere without a plea bargain. *Compare Lynch v. State*, 903 S.W.2d 115 (Tex.App.—Fort Worth 1995, no pet.)(applying *Helms* rule), *and Studer v. State*, 757 S.W.2d 107, 109 n. 1 (Tex.App.—Dallas 1988)(same), *aff'd*, 799 S.W.2d 263 (Tex.Crim.App.1990), *with Salazar v. State*, 773 S.W.2d 34, 35 (Tex. App.—Houston [14th Dist.] 1989, no pet.)(holding merits of complaint regarding motion to suppress addressable based on inapplicability of rule 40(b)(1)), *and Yates v. State*, 759 S.W.2d 949, 949–50 (Tex.App.—Dallas 1988, no pet.)(same). We agree with the reasoning of the Fort Worth court[3] and conclude that the *Helms* rule generally precludes consideration of nonjurisdictional defects occurring prior to the entry of non-negotiated pleas in misdemeanor cases. *See Lynch v. State*, 903 S.W.2d at 118; *see also Jack v. State*, 871 S.W.2d 741 (Tex.Crim.App.1994)(discussing application of *Helms* rule to non-negotiated plea in felony cases); *Salazar v. State*, 773 S.W.2d at 36–39 (Brown, C.J., concurring)(disagreeing with majority's failure to apply *Helms* rule in misdemeanor cases). We note that the *Helms* rule does not defeat our jurisdiction to consider any claim of error below, it only means that a defendant will not ultimately prevail in his appeal because the alleged error has been waived. *Jack v. State*, 871 S.W.2d at 744.

In applying the *Helms* rule to this case, we cannot ignore its corollary. That is, if Robuck entered his plea with the under-

---

1. Assigned to this case by the Chief Justice of the Texas Supreme Court.

2. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App. 1972).

3. The Fort Worth court initially noted the illogical result that would follow if the *Helms* rule was not applied in misdemeanor cases, thereby elevating the appellate rights of misdemeanor offenders to a higher level than felony offenders. *Lynch*, 903 S.W.2d at 118. The Fort Worth court further asserted that neither rule 40(b)(1) nor its predecessor statute, article 44.02, abrogated the application of the *Helms* rule to non-negotiated pleas, noting that the court of criminal appeals' rule-making power *does not permit it to* "abridge, enlarge, or modify the substantive rights of a litigant." *Id.; see also Flowers v. State*, 935 S.W.2d 131, 133 (Tex.Crim.App.1996)(discussing continued applicability of *Helms* rule to open or non-negotiated pleas after enactment of rule 40(b)(1)).

standing that he could appeal the trial court's ruling on his motion to suppress, his plea was not entered voluntarily, and the case must be reversed and remanded to permit Robuck to replead. *See Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Lynch*, 903 S.W.2d at 118–19.

At the end of the hearing during which the trial court accepted Robuck's plea, the record reflects the following:

MR. BARRERA: Judge, with regard to Mr. Bradshaw and Mr. Robuck, would the court have the record reflect that we had heretofore entered and filed a Motion to Suppress and that the court was going to permit us to appeal the court's ruling and that these matters would be suspended pending the outcome of the appeal?

THE COURT: Yes, that's fine with me. Do we have that on the record right now?

COURT REPORTER: Yes, sir.

THE COURT: Record will so reflect.

Because Robuck entered his plea based on his understanding that he could appeal the trial court's ruling on his motion to suppress, a misunderstanding shared by his attorney and the trial court, his plea was not entered voluntarily. Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.