Jesus ACOSTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–01–00112–CR.

Court of Appeals of Texas,
El Paso.

March 21, 2002.

Rehearing Overruled April 10, 2002.

Matthew DeKoatz, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., Rachel A. Varughese, Asst. Dist. Atty., El Paso, for the State.

Before Panel No. 1: LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from a restitution order entered by the trial court against appellant Jesus Acosta following acceptance of his guilty plea and conviction for driving while intoxicated. The resolution of this

case requires us to consider a jurisdictional issue of first impression in this Court. For those reasons detailed below, we dismiss the appeal for lack of subject matter jurisdiction.

### Facts

On April 22, 2000, Acosta rearended a van driven by Leodagario Salcedo in El Paso County, Texas. Leodagario Salcedo's wife, Irma, and his daughter-in-law, Bertha, were also in the van at the time of the accident and were injured.

On April 25, 2000, the State filed an information against Acosta alleging that on April 22, 2000, he had a blood alcohol level of .08 and was driving while intoxicated. The information does not mention the accident with the Salcedos, nor does it name them as victims of the misdemeanor alleged against Acosta.

Damage to the Salcedos' van was estimated at $3,900. They could not afford to make those repairs and purchased another van for $2,500 instead. Both Irma and Bertha Salcedo incurred medical expenses as a result of injuries sustained in the accident.

The State offered Acosta a plea, the relevant terms of which included 180 days in jail probated for 18 months, payment of a $500 fine and court costs, 80 hours of community service, DWI school, and restitution of $1,758 to Bertha Salcedo, $2,199 to Irma Salcedo, and $3,828 to Leodagario Salcedo. On February 15, 2001, Acosta and the State reached a plea agreement and memorialized it in writing. On the same day, the trial court accepted Acosta's guilty plea and entered a judgment against him.

After sentencing, the trial court began to hear evidence on the restitution issue but had to adjourn the hearing. A visiting judge heard the continuation of the hearing and, on March 14, 2001, rendered an amendment to the previously entered judgment against Acosta. The trial court set the terms of Acosta's restitution as follows: $2,014.82 to Bertha Salcedo, $2,598.06 to Irma Salcedo, and $2,500 to Leodagario Salcedo.

On closing, the State requested the trial court approve restitution to the Salcedos in the amounts ultimately awarded by the court. The State never argued the Victim's Assistance Fund should be reimbursed for any amount of the Salcedos' bills it may have paid, nor did it request the trial court enter such an order. Acosta requested the trial court refuse to enter a restitution order because the Salcedos were not listed as complaining witnesses or victims in the information and, in the alternative, argued that amount of restitution ordered was too high.

No written motion concerning Acosta's objections to the restitution order was filed with or ruled on by the trial court either before or after the plea was taken. There is no record that the trial court granted Acosta or the State permission to appeal. Acosta's appeal timely followed the entry of the amended judgment via a general notice of appeal. No notice of appeal was ever filed by the State.

### Discussion

■ This Court has no jurisdiction to hear an appeal until or unless that jurisdiction is properly invoked. *Russ Berrie and Co., Inc. v. Gantt,* 998 S.W.2d 713, 715 (Tex.App.-El Paso 1999, no pet.). Whether or not subject matter jurisdiction exists is an issue that may be raised at any time in the appellate process by any party to

the appeal and/or by the court *sua sponte.* *Id.* This case presents a jurisdictional issue of first impression to this Court, that is, whether a defendant who pleaded guilty to a misdemeanor offense can appeal a non-jurisdictional question concerning the terms of his conviction without filing a notice of appeal that complies with Texas Rule of Appellate Procedure 25.2. We hold that he cannot.

■ Rule 25.2 controls the perfection of an appeal in a criminal case. In relevant part, the rule reads:

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal . . . .

(b) *Form and Sufficiency of Notice.*

. . .

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15 and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(a) and (b)(3). Restated, in the absence of the trial court's permission or a written pretrial motion, we do not have jurisdiction over the non-jurisdictional question of whether the restitution order was proper. *Taylor v. State,* 916 S.W.2d 680, 685 (Tex.App.-Waco 1996, pet. ref'd) (holding same with regard to non-jurisdictional question of jury waiver); *Galitz v. State,* 617 S.W.2d 949, 951–52 (Tex.Crim.App.1981) (construing predecessor to Rule 25.2 as narrowing previously unfettered right to appeal with procedural jurisdictional requirements).

In this case, Acosta filed a general notice of appeal that does not contain the "extra notice" information required by Rule 25.2(b)(3). The record further reveals that no written motion specifying the substance of this appeal was filed with or ruled on by the trial court, nor does it appear that the trial court granted either Acosta or the State permission to appeal. TEX.R.APP. P. 25.2(b)(3)(B) and (C). Because Acosta's notice of appeal does not comply with Rule 25.2(b)(3), we lack subject matter jurisdiction to hear the merits of his appeal, and therefore dismiss it for want of jurisdiction.

■ In dismissing this appeal, we recognize that Rule 25.2 can be interpreted to apply to felony guilty pleas only. TEX. R.APP. P. 25.2(b)(3) (referencing Code of Criminal Procedure article 1.15). However, case law and the legislative history of Rule 25.2 both suggest it should apply to misdemeanors, as well. *See Lenox v. State,* 56 S.W.3d 660, 664 (Tex.App.-Texarkana 2001, pet. ref'd) (relying on article 44.02); *Taylor,* 916 S.W.2d at 684–85; *see also George v. State,* 20 S.W.3d 130, 133 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (voluntariness of misdemeanor plea not subject to Rule 25.2 extra notice rules, court has jurisdiction) *criticized by Cooper v. State,* 45 S.W.3d 77, 78 (Tex.Crim.App. 2001) (ruling voluntariness of felony plea may not be raised under Rule 25.2(b)/article 44.02 jurisdiction).

In 1986, the Court of Criminal Appeals repealed the proviso portion of TEX.CODE

CRIM. PROC. ANN. art. 44.02 which applied the "extra notice" rules to misdemeanors, and replaced it with TEX.R.APP. P. 40(b)(1), the predecessor to present-day Rule 25.2.[1] *Taylor*, 916 S.W.2d at 684; *see* TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon Supp. 2002). However, the Legislature limited the high court's authority to repeal article 44.02 with instructions that it must not "abridge, enlarge, or modify the substantive rights of a [criminal] litigant." *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex. Crim.App.1991). For this reason, the Court of Criminal Appeals ultimately held that case law construing article 44.02 was still good law even though Rule 40(b)(1) on its face applied the "extra notice" rules only to felony pleas. *Lemmons*, 818 S.W.2d at 62.

We find this logic persuasive. Were we to interpret Rule 25.2 any other way, we would be granting greater appellate rights to misdemeanor defendants than those charged with felonies. *See Lynch v. State*, 903 S.W.2d 115, 118 (Tex.App.-Fort Worth 1995, no pet.). This result would not only be illogical, but would also violate the Legislature's admonition that judicially-created rules must not enlarge or modify the substantive rights of a criminal litigant. *See Studer v. State*, 757 S.W.2d 107, 109 (Tex.App.-Dallas 1988), *aff'd*, 799 S.W.2d 263 (Tex.Crim.App.1990).

Finally, we note the State appears to assert a cross-point in its responsive briefing which requests that we reform the restitution order and remand this case to the trial court for a factual determination of whether the funds should be paid to the Salcedos or the Victim's Assistance Fund. Because the State failed to file any notice of appeal, its cross-point is also dismissed for lack of jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a) and (d) (Vernon Supp.2002).

### Conclusion

This appeal is therefore dismissed for want of jurisdiction in its entirety.

---

1. The relevant wording of Rule 25.2 is virtually unchanged from that of Rule 40(b)(1). For the purposes of this issue, we therefore refer to the two statutes interchangeably.