ACCEPTED
03-15-00043-CR
5056316
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/28/2015 9:19:14 AM
JEFFREY D. KYLE
CLERK

No. 03-15-0043-CR

# IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/28/2015 9:19:14 AM
JEFFREY D. KYLE
Clerk

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

---

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

From the 264th District Court of
Bell County, Texas,
the Honorable Judge Martha J. Trudo, presiding

## APPELLANT'S REPLY BRIEF AND RESPONSE TO MOTION TO DISMISS

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar No. 12830050
*Ken_Mahaffey@yahoo.com*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**REPLY POINT NUMBER ONE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     **This Court has jurisdiction to consider the challenge to the restitution order because any plea bargain did not include a reference to restitution and because the State specifically requested jail time instead of restitution.**

**REPLY POINT NUMBER TWO**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     **Waiver should limit a trial court's discretion concerning restitution.**

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITIES

STATE CASES:

*Acosta* v. *State*, 70 S.W.3d 921 (Tex. App. -
   El Paso 2002, no pet. ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002,
   J. Cochran, concurring). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dears v. State,* 154 S.W.3d 610 (Tex. Crim. App. (2005). . . . . . . . . . . . . . . . . . . . 3


FEDERAL CASES:

   *McNally v. United States*, 483 U.S. 350 (1987). . . . . . . . . . . . . . . . . . . . . . . . 4


STATUTES:

Art. 42.037, Tex. Code Crim. Proc. (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5


RULES:

   Rule 25.2, Tex. R. App. Proc. (West 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . 2


SECONDARY AUTHORITY:

   1 W. Blackstone, COMMENTARIES ON THE LAWS OF ENGLAND 88 (1765). . . . . . 4, 5

———————

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

———————

**APPELLANT'S REPLY BRIEF AND RESPONSE
TO MOTION TO DISMISS**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW Kody Broxton, Appellant, through counsel, Ken Mahaffey, and

respectfully submits this Reply Brief and Response to Motion to Dismiss.

**REPLY POINTS**

**REPLY POINT NUMBER ONE:**

**This Court has jurisdiction to consider the challenge to the restitution order because any plea bargain did not include a reference to restitution and because the State specifically requested jail time instead of restitution.**

**ARGUMENT AND AUTHORITIES**

The State made a motion to dismiss the appeal in its brief to this Court. This

1

appears to be based on Rule 25.2, Tex. R. App. Proc. (West 2015)(trial court must certify any appeal after a guilty plea was not a plea bargain case). By challenging the trial court's certification, the State's motion is essentially a plea to the jurisdiction of this Court.

First, the only issue raised by appellant in this case is whether the trial court properly ordered restitution when both the State and complainant asked for jail time instead. Appellant will show this Court has jurisdiction to consider that sole issue.

Second, the trial court plainly found that restitution was not part of the plea bargain. This is shown by the certification of the right of appeal that ". . . this was not a plea bargain case and the defendant has the right of appeal." (CR 27). The issues raised in sentencing were whether probation was appropriate and, whether, and in what amount, restitution should be imposed. The trial court was well within its authority to impose incarceration and that decision is not challenged by appellant. (RR3 18 - 19, 25, 54 -55). The issue of restitution, however, was not covered by any plea recommendation and the record shows it was a principal contested matter. *Id*. The trial court obviously recognized this and ruled it could be appealed. (CR 27).

Third, while appellate courts have the authority to review the record to determine whether a certification of the right to appeal was properly issued, *see Dears v. State,* 154 S.W.3d 610, 615 (Tex. Crim. App. (2005)(reversing court of

appeals dismissal because the record did not show a plea bargain), this power relates to challenges to the judgment of conviction. In this case, appellant does not challenge the conviction. Instead, he challenges certain terms of sentencing not covered by any plea agreement. *Compare Acosta* v. *State*, 70 S.W.3d 921, 923 (Tex. App. - El Paso 2002, no pet. ) (dismissing challenge to restitution order because specifically spelled out in written plea bargain). Here, restitution was not addressed in any plea bargain. Whether or not restitution orders are part of the trial court's discretionary authority in sentencing, it is still clear that appellate courts have jurisdiction to review the appropriateness of such orders.

Finally, the record shows the only recommendation was that any sentences run concurrently; there is no reference to restitution. The only reference to restitution is both the State's and complainant's request that jail time be imposed instead of restitution. (RR3 19, 22, 25, 54 - 55). While this Court may well decide this order was within the trial court's inherent power under the governing statute, it still has jurisdiction to determine this issue.

**REPLY POINT NUMBER TWO:**

**Waiver should limit a trial court's discretion concerning restitution.**

**<u>ARGUMENT AND AUTHORITIES</u>**

1. **Statutory Construction**. The State argues that the trial court has statutory discretion to impose restitution but does not directly address the waiver issue. It argues that the statements were based on concerns that appellant could not actually pay the restitution Without citing specific authority, the State also asserts that the term "may" in Art. 42.037, Tex. Code Crim. Proc. (2013), means neither the State nor the complainant must actually request or can waive restitution. *See* State's Brief, p. 14. Simply put, that is the question presented for this Court to decide.

Appellant would submit that the statute should be strictly construed. The United States Supreme Court has consistently held that due process requires penal statutes be applied such that a "rule of lenity" resolves differences in the favor of the accused. *See McNally v. United States*, 483 U.S. 350, 359 - 360 (1987). This rule has deep roots in the development of our system of judicial review. *See* 1 W. Blackstone, COMMENTARIES ON THE LAWS OF ENGLAND 88 (1765)(penal statutes to be strictly construed against the government). It has also been reaffirmed in current Texas jurisprudence. *See Cuellar v. State*, 70 S.W.3d 815, 821 (Tex. Crim. App. 2002, J. Cochran, concurring).

2. **Waiver.** Basically, both the State and the complainant directly told the trial court that they were not requesting restitution and expressly requested jail time instead. (RR3 19, 22, 25,  54 - 55). The record shows the request for jail time was a

4

specific request for a different form of remedy. *Id*. The parties made a clear choice.

Both the State and the complainant could have requested both restitution and incarceration but they did not. Instead, the parties manifested a desire for a different result. Again, as stated in appellant's original brief, the issue is whether the trial court abuses its discretion under the statutory authority to impose restitution when both not requested and waived by the State and the complainant. *See* Art. 42.037, Tex. Code Crim. Proc. (2013). Appellant argues this Court should recognize that waivers concerning restitution should affect the trial court's discretion under Art. 42.037, *supra*. The proper remedy is to delete the restitution order.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the judgment of conviction be modified to delete the restitution order.

Respectfully Submitted,

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

5

## **CERTIFICATE OF SERVICE**

The above signature certifies that on April 27, 2015, this document was sent to the Bell County D.A.'s Office, P.O. Box 540, Belton, Texas 76513 and to Kody Broxton, 01972710, 1018 Arnold Drive, Bartlett TX 76511. The above signature also certifies that this document contains 1273 words in compliance with Rule 9.4, (c) Tex. R. App. Proc. (2015)(reply brief not to exceed 7,500 words).